The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pfeiffer and the briefs and arguments of the parties. The parties have not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with the modification of the issues of modified housing and the rate of pay for attendant care.
 ***********
Prior to the hearing before the Deputy Commissioner, the parties agreed to limit the scope of the hearing to the issue of whether plaintiffs family should receive retroactive payment for attendant care services rendered by them. Additionally, defendant agreed that plaintiff is permanently and totally disabled. Defendant further agreed that modified housing as prescribed by the treating physician would be provided.
Furthermore, incorporated herein by reference are the orders filed by the Deputy Commissioner on 29 September 1999, 1 March 2000, 7 March 2000, and 4 April 2000. After the record before the Deputy Commissioner closed, plaintiff filed several motions with the Deputy Commissioner, which were ruled upon in her opinion.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at and subsequent to the hearing before the Deputy Commissioner, and in a pretrial agreement admitted into evidence as Stipulated Exhibit 1 as:
 STIPULATIONS
1. All parties are properly before the Commission, and are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. On 10 April 1996, an employment relationship existed between plaintiff and defendant.
3. Plaintiffs average weekly wage on the date of the injury giving rise to this claim was $252.00, which yields a weekly compensation rate of $168.00.
4. Defendant-employer is self-insured with the N.C. School Boards Association and Key Risk Group acting as third-party administrators.
5. Pursuant to a Form 21 Agreement approved by the Commission on 3 September 1997, defendant accepted liability for plaintiffs injury by accident of 10 April 1996 to her left upper extremity.
6. Plaintiff is permanently and totally disabled as a result of her admittedly compensable injury by accident.
7. Subsequent to the hearing before the Deputy Commissioner, the deposition of Janet Groce, R.N. was made a part of the evidentiary record.
 ***********
Based on the evidence of record, the Full Commission adopts with modifications the findings of fact found by the Deputy Commissioner and finds as follows
 FINDINGS OF FACT
1. Plaintiff, who was 33 years old at the time of the hearing before the Deputy Commissioner and resided outside of Greensboro, was employed by defendant as a school bus driver. On 10 April 1996, she slipped and fell in the course and scope of her employment and struck her left upper extremity.
2. Plaintiff underwent a course of medical treatment that included two surgeries. Following these, plaintiff developed reflex sympathetic dystrophy. As a result of this condition, plaintiff has only minimal use of her extremities and is largely confined to a wheelchair. Defendant provided plaintiff with a modified van and subsequent to the hearing before the Deputy Commissioner also provided plaintiff with a golf cart.
3. Defendant chose Dr. Gary Poehling, expert in the field of orthopaedic surgery and Chairman of Orthopaedic Surgery at North Carolina Baptist Hospitals, to be plaintiffs treating physician. As a result of plaintiffs reflex sympathetic dystrophy, Dr. Poehling ordered that she receive attendant care. On 25 January 1999, Dr. Poehling wanted plaintiff to receive two to three hours of attendant care daily. On 19 April 1999, Dr. Poehling increased this to six hours of attendant care daily. On 6 May 1999 Dr. Poehling ordered that plaintiff receive eight hours of attendant care a day.
4. Although defendant did pay for attendant care on two very limited occasions, not exceeding two weeks duration, and only after such care was located and arranged by plaintiff, defendant had not provided plaintiff with attendant care in accordance with the orders of Dr. Poehling, plaintiffs treating physician, as of the close of the evidentiary record.
5. Accordingly, and out of necessity, plaintiffs family assumed all attendant care responsibilities with the exception of the two isolated occasions. Plaintiffs children, who on the date of the hearing before the Deputy Commissioner were ten and sixteen years old and being home-schooled, assist their mother with dressing, grooming, bathing, and bathroom functions. Plaintiffs husband was a long-haul truck driver employed for over twenty years with the same company. He resigned his position to be home to assist with the attendant care. Additionally, plaintiffs husbands aunt has been involved with the attendant care.
6. Plaintiff contacted home health agencies herself in an attempt to secure attendant care. Health Force, one of the agencies contacted by plaintiff, charges $14.00 per hour Monday through Friday, $15.00 per hour on weekends, and $21.00 for holidays and overtime. Defendant has not authorized Health Force to assign an attendant caregiver. There is no evidence of record that defendant could have obtained attendant care at a less expensive rate.
7. On 4 August 1999, defendant hired Janet Groce, a registered nurse, as a medical case manager. In the six weeks following her appointment, Ms. Groce unsuccessfully contacted other home health agencies in an attempt to locate someone to take plaintiffs case. Ms. Groce testified that most home health agencies charge $14.00-15.00 per hour and home health care attendants earn about $9.00-10.00 per hour. Greensboro currently has a demand for attendant care such that some agencies have waiting lists. However, these rates are for professional attendant care and not indicative of a fair rate for care given by family members.
8. Despite the tight labor market, Health Force indicated that it could probably find someone to take the job if the rate of pay was increased. Thus, on 10 August 1999 a request was made to defendant, by way of Ms. Groce, that a $4.00 per hour surcharge be paid to Health Force. Defendant has not authorized this increase, and to date, no professional home health care attendant has been assigned to plaintiff. Furthermore, since the hearing before the Deputy Commissioner, plaintiff has indicated a desire to have attendant care provided by a registered nurse based upon the recommendations of Andrew Farah, M.D. who is a psychiatrist. However, Dr. Poehling is in a better position to give an opinion on this issue and little weight is given to the opinion of the psychiatrist Dr. Farah on this issue. Therefore, since Dr. Poehling has not addressed the issue of whether there is a medical necessity for the provision of attendant care specifically by a registered nurse and the reasons therefor, his opinion with supporting reasons is necessary.
9. There is no evidence of record concerning defendants attempts to provide attendant care prior to Ms. Groces entry into the case in August of 1999. On 5 October 1999, Ms. Groce reported to defendant that plaintiffs aunt was available to provide full-time attendant care, and that she was willing to do so for $12.00-14.00 per hour. Plaintiffs treating physician, Dr. Poehling, has indicated that hiring a family member would be preferable to continuing to search for an outside attendant.
10. Based on the evidence of record, though Ms. Groce specifically discussed with defendant the possibility of hiring plaintiffs aunt, defendant did not authorize payments to plaintiffs aunt and was not successful in locating other suitable home health attendant care for plaintiff.
11. As of the date of the hearing before the Deputy Commissioner, plaintiffs family had provided all attendant care, with the exception of two weeks at the most, required by Dr. Poehlings instructions, as follows:
(a.) From 25 January through 19 April 1999 an average of 2.5 hours per day.
(b.) From 20 April through 6 May 1999 6 hours per day.
(c.) From 7 May 1999 through 22 September 1999 8 hours per day.
12. The greater weight of the evidence establishes that plaintiffs family should be reimbursed and compensated for providing retroactive as well as ongoing attendant care for plaintiff as prescribed by plaintiffs treating physician. Furthermore, this compensation should be at a rate that takes into consideration the rate charged by professional home health care agencies and the hourly rate actually received by an individual attendant and the fact that the care has been provided by family members who are not professionals. Therefore, the fair rate for attendant care provided by family members is $10.00 per hour.
13. Defendant has not provided plaintiff with home attendant care and has defended this claim for retroactive attendant care without reasonable ground. Thus, the fees charged by plaintiffs counsel for representing plaintiff at the hearing before the Deputy Commissioner and at the Full Commission, at depositions and for preparing contentions and a Full Commission brief should not be charged to plaintiff.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission concludes as follows
 CONCLUSIONS OF LAW
1. Plaintiff is totally and permanently disabled and therefore entitled to ongoing weekly benefits for the remainder of her life. Any weekly payments which were made late pursuant to N.C.G.S. 97-18.1 due to the inadvertent termination of benefits during the change of the third-party administrator shall be subject to a 10% penalty. N.C.G.S. 97-29 and97-18.1.
2. Defendant is required to provide plaintiff with reasonably necessary medical treatment related to her compensable injury by accident which tends to effect a cure, provide relief, or lessen the period of disability, including retroactive and continuing attendant care. N.C.G.S. 97-2(19) and 97-25.
3. Defendant has not provided plaintiff with home attendant care and has defended this claim for retroactive attendant care without reasonable ground. Thus, the fees charged by plaintiffs counsel for representing plaintiff at the hearing before the Deputy Commissioner and at the Full Commission, at depositions and for preparing contentions and a Full Commission brief should not be charged to plaintiff. Therefore, plaintiff is entitled to reasonable attorneys fees including costs for expenses involved in the litigation. N.C.G.S. 97-88.1.
4. Defendant shall pay plaintiffs family for attendant care retroactively and continuing at the reasonable rate of $10.00 per hour which takes into consideration the rate charged by professional home health care agencies and the hourly rate actually received by an individual attendant and the fact that the care has been provided by family members who are not professionals. N.C.G.S. 97-25; London v. SnakTime Catering, Inc., 136 N.C. App. __, 525 S.E.2d 203 (2000).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD and ORDER
1. Defendant shall continue to pay permanent and total disability benefits to plaintiff. Any payments which were made late pursuant to N.C.G.S. 97-18.1 due to the inadvertent termination during the change of the third-party administrator shall be subject to a 10% penalty. These benefits shall not be subject to an attorneys fee.
2. Defendant shall pay all reasonably necessary medical expenses which tend to effect a cure, provide relief or lessen the period of plaintiffs disability, incurred or to be incurred by plaintiff for treatment of her reflex sympathetic dystrophy, including the retroactive and continuing attendant care prescribed by Dr. Poehling as detailed below. The issue of whether this care currently should be provided by a registered nurse is hereby reserved until further information is available from Dr. Poehling.
3. Defendant shall pay plaintiffs family for attendant care at the reasonable rate of $10.00 per hour. Defendant shall pay plaintiffs family for retroactive attendant care performed for 2.5 hours per day from 25 January through 19 April 1999, 6 hours per day from 20 April through 6 May 1999, and 8 hours per day from 7 May 1999 until further Order of the Commission. Plaintiff shall immediately submit to defendant payment information including the social security numbers of the individuals who provided care and the allocation of the time provided so that defendant may then direct payment appropriately to plaintiffs family members. The payment of attendant care is not subject to attorneys fees.
4. Defendant shall pay to plaintiffs attorney a fee equal to twenty-five percent of the lump sum amount retroactively paid for attendant care for attorneys fees and costs of litigation associated with defendants unreasonable defense of this claim.
5. Defendant shall bear all costs of this proceeding.
IT IS FURTHER HEREBY ORDERED that within thirty days of the receipt of this Opinion and Award, if not appealed, defendant shall authorize and pay any deposits necessary for the remodeling of plaintiffs existing home. In the alternative, within thirty days of the receipt of this Opinion and Award, if not appealed, defendant shall authorize and pay any deposits necessary for the construction of a new home on plaintiffs property. The design of the new home or the remodeling plans shall be subject to the approval of Dr. Poehling or a life care planner. Regardless of the chosen option, plaintiffs family shall not be separated during the building or remodeling project. Defendant is not required to construct a new home for plaintiff but may use this as a reasonable option. The details of the building or remodeling shall be decided by reasonableness and medical necessity shall govern where there are any conflicts between the parties. Any unresolved disagreements as to details shall be decided at a full evidentiary hearing.
IT IS FURTHER ORDERED that the parties submit to Dr. Poehling the issue of the medical necessity of the recommendation that attendant care be provided by a registered nurse rather than by another professional or a family member. His review shall include providing reasons that pertain to the medical necessity or the lack thereof.
IT IS FURTHER ORDERED that plaintiffs show cause motion is hereby Denied. This matter shall be transferred to Chief Deputy Commissioner Stephen T. Gheen to be set expeditiously for hearing as a result of the Form 33 filed by plaintiff during the pendency of this matter and for the reasons addressed in defendants motion for additional evidence on issues not addressed in this Opinion and Award which shall be a part of the next evidentiary hearing in this matter.
This the 23, day of March 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONNCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER