ROBERT LONDON, EMPLOYEE, Plaintiff-Appellee v. SNAK TIME CATERING, INC., EMPLOYER AND ANTHEM CASUALTY INSURANCE GROUP, CARRIER, Defendant-Appellants

No. COA99-342

(Filed 1 February 2000)

## 1. Workers' Compensation— findings of fact—attendant health care services—evidence sufficient

The Industrial Commission's findings of fact in a workers' compensation case regarding plaintiff-employee's need for attendant care services are binding because they are supported by competent evidence.

**2. Workers' Compensation— conclusions of law—attendant health care services—family member**

The Industrial Commission did not err in a workers' compensation case by concluding that plaintiff-employee is entitled to compensation for attendant health care services provided by his wife because this conclusion is supported by the findings of fact, and family members are entitled to payment for attendant care provided to an injured family member.

Appeal by defendants from judgment entered 6 October 1998 by the North Carolina Industrial Commission. Heard in the Court of Appeals 5 January 2000.

Robert London (plaintiff/employee) was employed with Snak Time Catering, Inc. (defendant/employer), a company he owned and operated, when he was injured in an automobile accident on 17 October 1977. The accident left plaintiff hospitalized for nearly three months. During that time, plaintiff was diagnosed with chronic brain syndrome secondary to post-traumatic damage with a right cerebral contusion, bilateral frontal subdural hematomas and left hemiparesis. The injuries were admittedly compensable, the parties entered into a Form 21 agreement, and plaintiff continues to receive benefits pursuant to the agreement. Plaintiff filed this claim with the Industrial Commission seeking compensation for attendant care services and attorney fees pursuant to N.C. Gen. Stat. § 97-88.1 (1999). Following an appeal from the decision of a Deputy Commissioner, the Full Commission awarded compensation to plaintiff's wife for "attendant care services for eight hours per day, seven days per week at the rate of $6.00 per hour for the period from February 20, 1997 and continuing." The Commission found that defendants had reasonable grounds to defend this action, and made no award for attorney fees. Defendants appealed, assigning errors.

*Sellers, Hinshaw, Ayers, Dortch, Honeycutt and Lyons, P.A., by Mark T. Sumwalt; and Lore & McClearen, by R. James Lore, for plaintiff appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by J.A. Gardner, III, for defendant appellants.*

HORTON, Judge.

[1] Defendants first assign error to numerous findings of fact made by the Full Industrial Commission (Commission) regarding plaintiff's

## LONDON v. SNAK TIME CATERING, INC.

[136 N.C. App. 473 (2000)]

need for attendant care services. Our review is limited to determining whether the findings of fact are supported by competent evidence and whether the conclusions of law are supported by the findings of fact. *Barham v. Food World,* 300 N.C. 329, 331, 266 S.E.2d 676, 678, *reh'g denied,* 300 N.C. 562, 270 S.E.2d 105 (1980). On appeal, so long as there is *any* competent evidence to support the facts found by the Commission, they are binding on appeal even though evidence to support a contrary finding exists. *Adams v. AVX Corp.,* 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *reh'g denied,* 350 N.C. 108, 532 S.E.2d 522 (1999). Although there is competent evidence in the record to support the findings made by the Commission, we will comment briefly on each of the findings about which defendants complain.

A.

Plaintiff's wife testified that she worked with plaintiff in his catering business from its inception until plaintiff's accident, but had not worked outside the home since the accident. When asked how long she worked with plaintiff, his wife answered:

> From day one until his accident. I was entirely over the inside, the commissary, all the food in the office and he took care of the trucks. He was on the outside.

Defendants rely on a portion of the deposition testimony of the disabled plaintiff in which he stated that, before the accident, his wife did not have a full-time job outside the home "that [he] kn[e]w of." Although the Commission considered and weighed all the evidence and found that plaintiff's wife did work in the catering business prior to the accident but not thereafter, defendants continue to argue that there was no evidence that plaintiff's wife worked prior to the accident. This argument is clearly without merit and is overruled.

B.

Plaintiff's wife further testified that she carefully supervises plaintiff's daily activity in order to guard against harm to him or others and that plaintiff wanders about his home in the early hours of the morning. Based on competent medical evidence of record, the Commission found that "plaintiff also retains cognitive impairments which affect his personality and judgment, including obsessive/compulsive behavior, difficulty recognizing danger, immature decision-making, spontaneous actions, lack of patience, frustration with changes to his routine, anger, and a child-like dependency on his wife." The Commission further found that plaintiff's impairments are

the result of his frontal lobe injury. Defendants offered evidence that plaintiff could do many tasks without constant supervision by other persons, including driving an automobile, using a lawnmower, using a microwave, making coffee, feeding and dressing himself, and taking care of his personal needs. There was medical evidence from a board-certified neuropsychologist, however, that persons with brain injuries do fairly well if in a "structured" setting, but problems arise when they are confronted by "novel" situations. Further, the two rehabilitation nurses who testified in this case have observed plaintiff in his usual environment and consider him a safety risk to himself and to other persons. There is ample evidence to support the Commission's finding that plaintiff's wife must keep him under "supervision in order to keep him from being injured."

C.

Defendant also argues that the Commission failed to make findings of fact on evidence which was offered with regard to plaintiff's unsupervised attendance at a flea market during the work week. The Commission is not required, however, to find facts as to all credible evidence. *Woolard v. N.C. Dept. of Transportation*, 93 N.C. App. 214, 377 S.E.2d 267, *cert. denied*, 325 N.C. 230, 381 S.E.2d 792 (1989). That requirement would place an unreasonable burden on the Commission. Instead, the Commission must find those facts which are necessary to support its conclusions of law. Further, the questioned activities are cumulative of other evidence in this case which tends to show that plaintiff has the cognitive ability to perform simple tasks which are part of his routine activities. Even assuming the Commission erred in not making further findings of fact relative to plaintiff's attendance at flea markets, such omission would not be prejudicially erroneous under the facts of this case.

D.

Defendants contend that there was no basis for the finding by the Commission that the plaintiff set fire to his home lawn on two occasions. Defendants argue that the only evidence of record about lawn fires was as a basis for the opinion testimony of Ms. Barbara Armstrong, and thus not a proper basis for findings of fact by the Commission. Again, defendants ignore the plain language of the transcript of testimony of plaintiff's wife, in which she testified that her husband set the lawn on fire on three occasions. Further, Ms. Armstrong's testimony tends to corroborate the testimony of plaintiff's wife. This assignment of error is overruled.

LONDON v. SNAK TIME CATERING, INC.

[136 N.C. App. 473 (2000)]

E.

The Commission's findings that plaintiff is in need of 24-hour attendant care are supported by the testimony of Ms. Barbara Armstrong, a certified life care planner, registered nurse, certified disability management specialist, and certified case manager. A certified life care planner is specifically trained to assess the need for attendant care services and normally makes that assessment as part of preparation of a life care plan. Ms. Armstrong testified that in her opinion plaintiff needed 24-hour-per-day attendant care. Although defendants now question Ms. Armstrong's expertise, it was for the Commission, not this Court, to assess her credibility and weigh her testimony in light of her experience and professional credentials.

F.

There was ample testimony that plaintiff needed supervision at intervals throughout the day. The neuropsychologist opined that plaintiff needed supervision every two or three hours. Dr. Gualtieri testified that, if something happened to plaintiff's wife, plaintiff would need frequent supervision, someone checking in on him at least two to four times each day. Both Ms. Armstrong and Ms. Hill, the Commission's rehabilitation nurse, were of the opinion that plaintiff needed around-the-clock attendant care. Ms. Hill also testified that it would not be practical to have a home health care agency provide attendant care services by monitoring plaintiff's condition every two to four hours and that such care would be confusing to the plaintiff. Ms. Armstrong testified that many of the health care providers in North Carolina will not even go to a home unless guaranteed at least four hours of work. Thus, competent evidence supports the Commission's findings that it would be in the best interests of plaintiff for his wife to continue to provide attendant care for him.

G.

Finally, defendants complain that the Commission's finding that there are times when plaintiff's wife needs outside help in providing attendant care, and that persons who come into plaintiff's home to provide attendant care will usually want to have a minimum of eight hours of work in any given day, is not supported by competent evidence. We disagree. Defendants argue that there is no evidence in the record to support the need of plaintiff's wife for outside help, but ignore the following testimony from the record:

Q. Okay I take it that the principal thing that you feel, in terms of you personally feel that you need, is you just need some assistance so you can get a break from all that, is that correct?

A. Yes, sir. You know, I wish I could explain. I don't know what I need. All I know is I've got to have some help. That's the only thing I do know.

On another occasion, plaintiff's wife testified, "I've just come to the point in my life now that I've got to have some kind of help—some kind." Other evidence tended to show that plaintiff's wife was 62 years old, suffers from fibromyalgia and arthritis, has custody of her nine-year-old grandson, and cares for her elderly mother. The findings of the Commission about her need for outside help with plaintiff is amply supported by competent evidence. Further, defendants argue that the Commission erred in finding that "[p]ersons willing to come into a home for attendant care will usually want to have a minimum of eight hours in any given day." In its conclusion of law, the Commission directed that on occasions when plaintiff's wife needed outside help, defendants pay $6 per hour for such help. If outside help is unavailable for $6 per hour, defendants are to pay a "reasonable hourly amount for such outside care, not to exceed eight hours in any given day." In its Award, the Commission ordered "[o]utside help shall be paid at $6 per hour if available at that rate or at a reasonable other hourly rate if not available at $6 per hour." We believe the finding is supported by competent evidence in the record. The testimony of the rehabilitative nurses was to the effect that plaintiff requires attendant care at intervals of two to four hours, and that a home health care worker would usually not come into the home unless guaranteed at least four hours of work. It appears from the evidence that two shifts of not less than four hours each would be the absolute minimum to have persons available to provide attendant care for plaintiff during the course of the daylight hours. We do not believe that the Commission erred in its findings.

[2] Defendants argue that the Commission erred in concluding that plaintiff is entitled to compensation for attendant care services provided by his wife. While the Commission's findings are binding on appeal, its conclusions of law are reviewable. *Grant v. Burlington Industries, Inc.*, 77 N.C. App. 241, 247, 335 S.E.2d 327, 332 (1985). Thus we must determine whether this conclusion is supported by the findings of fact made by the Commission.

The following findings of fact are relevant to the Commission's conclusions of law:

9. Barbara Armstrong, a life care planning specialist, found that the plaintiff was in need of twenty-four hour per day attendant care. Ms. Armstrong was present in the courtroom where she testified for approximately two hours.

* * * *

12. Since February 20, 1997, the plaintiff requires attendant care services only a few minutes at a time, every three or four hours per day to ensure that he is having no difficulties. However, due to the sporadic nature and due to the minimum billing required by most agencies, it is not reasonable to expect a home health care agency to provide this type of service for the plaintiff, and it would be confusing for the plaintiff if he received care from many people. Furthermore, it would not be in the plaintiff's best interest to have multiple caregivers due to the confusion a change in his routine would pose.

13. Unskilled attendant care services in the area through a home health agency would be at a rate of $6.00 per hour unless the market requires a higher rate otherwise.

14. Plaintiff's wife has been providing this care for the plaintiff, and she is capable of continuing to provide the supervision which is required.

15. There are times when plaintiff's wife needs outside help in providing attendant care. Persons willing to come into a home for attendant care will usually want to have a minimum of eight hours in any given day.

These findings of fact were supported by competent evidence and support in turn the conclusion by the Commission that plaintiff is "entitled to have the defendants pay for eight hours per day, seven days per week, of attendant care services . . . provided by the plaintiff's wife" and that when plaintiff's wife needs assistance "defendant shall pay a reasonable hourly amount for such outside care, not to exceed eight hours in any given day."

Defendants argue, however, that plaintiff should not be entitled to compensation for his wife's services since she is doing nothing more than she was doing prior to his accident. Defendants again insist, contrary to the weight of the evidence, that plaintiff's wife did

CULLEN v. CAROLINA HEALTHCARE SYS.

[136 N.C. App. 480 (2000)]

not work outside the home before the accident. Defendants argue that, since plaintiff's injury, his wife's "duties within the household have remained unchanged." Although defendants disagree with the Commission's finding that plaintiff's wife worked with him in the catering business prior to the accident but has been unable to work since that time, we believe its finding is supported by competent evidence.

Finally, defendant argues that plaintiff's wife was merely carrying out her marital duties and is not entitled to compensation for attendant care services for plaintiff. Our Supreme Court has, however, authorized payment to family members for attendant care provided to an injured family member. *Godwin v. Swift & Co.*, 270 N.C. 690, 155 S.E.2d 157 (1967) (compensation allowed to plaintiff's brother and sister-in-law for 24-hour-per-day attendant care).

This Court does not write on a clean slate in reviewing an Opinion and Award of the Full Industrial Commission. The Commission is the trier of fact and weighs the credible evidence. Here, the Commission's findings are supported by competent evidence, and those findings support its conclusions of law. Consequently, the Opinion and Award of the Full Commission is

Affirmed.

Judges MARTIN and TIMMONS-GOODSON concur.