I concur in the portion of the majority opinion holding that plaintiff is entitled to receive ongoing medical expenses including either (1) placement in a small group home and participation in an activity program at the total Life Center or a similar facility, or (2) twenty-four hour attendant care at plaintiff's home by a licensed caregiver. However, I respectfully dissent from the majority opinion denying plaintiff's claim for reimbursement for attendant care services provided by plaintiff's daughter, Sherry Leathers as I feel her actions meet the requirements for attendant care reimbursement pursuant to North Carolina case law. Londonv. Snak Time Catering, Inc., 136 N.C. App. 473, 525 S.E.2d 203 (2000)disc. rev. den., 352 N.C. 589, 544 S.E.2d 781 (2000).
The competent evidence of record shows that Ms. Leathers has performed activities for her father commensurate with the traditional definition of unskilled attendant care since 1986. Dr. Boone's medical records documenting plaintiff's visit on September 2, 1999 indicate that plaintiff's physical and mental condition had declined greatly between June 1997 and September 1999 prompting Dr. Boone to refer plaintiff for a mental health evaluation. Although Dr. Boone did not prescribe attendant care at this time, the overwhelming weight of the medical evidence indicates plaintiff has been in need of attendant care since that date to ensure his proper medical care and well-being. In addition, the life care plan approved by Dr. Boone in August 2001 recommended attendant care continue for the duration of plaintiff's life.
Ms. Leathers has fulfilled the role of attendant care giver for the past several years by assisting her father with activities including preparing meals, setting his medications out, taking him to medical appointments, attempting to get him settled for the evening and myriad others. Ms. Leathers' services were beneficial to plaintiff's condition and she is entitled to reimbursement for such beginning September 2, 1999 for a period of eight hours per day, seven days per week, at the average pay rate of an unskilled attendant caregiver in plaintiff's community.Dial v. Stedman Corporation, I.C. No. 862533 (1996).
This the 13th day of March 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN