RHONDA LEVENS, EMPLOYEE, PLAINTIFF v. GUILFORD COUNTY SCHOOLS, EMPLOYER, SELF-INSURED (N.C. SCHOOL BOARDS ASSOCIATION AND KEY RISK GROUP, THIRD-PARTY ADMINISTRATORS), DEFENDANTS

No. COA01-1097

(Filed 20 August 2002)

### 1. Workers' Compensation— handicapped housing—remodeling versus construction of a new home

The Industrial Commission did not err in a workers' compensation case by failing to require defendant employer to build plaintiff employee a new house and by giving defendant the option of remodeling plaintiff's existing home to render it handicap-accessible, because: (1) defendant was permitted to pursue alternatives to remodeling plaintiff's existing home as long as any home prepared for plaintiff, including a remodeled or new home, complied with reasonably medically necessary specifications; and (2) competent evidence supported this finding.

### 2. Workers' Compensation— attendant care—reimbursement rate

The Industrial Commission did not err in a workers' compensation case by establishing an attendant care reimbursement rate of $10.00 per hour for plaintiff employee's family members because competent evidence, including the testimony of a registered nurse, gave the higher rates home health agencies charged per hour versus the lower amount home health-care attendants earn, which supported the Commission's findings.

LEVENS v. GUILFORD CTY. SCHOOLS

[152 N.C. App. 390 (2002)]

### 3. Workers' Compensation— attendant care—retroactive payment rate

The trial court did not err in a workers' compensation case by ordering retroactive payment to plaintiff employee's family members for attendant-care services at a rate equivalent to that paid to a trained certified nursing assistant, because: (1) a nurse witness testified that attendant care need not be provided by a certified nursing assistant; (2) the record shows that the required attendant care services prescribed by a doctor were being adequately provided by plaintiff's family members; and (3) there is ample evidence in the record to support the Commission's finding of fact, unchallenged by defendant employer, concerning the fair rate for services provided by the family members.

### 4. Workers' Compensation— retroactive attendant care— defense of claim without reasonable grounds—attorney fees and costs

The trial court did not err in a workers' compensation case by concluding that defendant employer had defended plaintiff employee's claim for retroactive attendant care without reasonable grounds and that plaintiff was therefore entitled to reasonable attorney fees and costs, because there is no evidence in the record that defendant made any attempt to find attendant care between January 1999 when a doctor first ordered attendant care and August 1999, despite defendant's contention that it attempted to find attendant care from the time it was ordered by plaintiff's physician.

Appeal by plaintiff and defendants from Opinion and Award of the North Carolina Industrial Commission entered 23 March 2001. Heard in the Court of Appeals 5 June 2002.

*Hodgman and Oxner, by Todd P. Oxner, for the plaintiff-appellant-appellee.*

*Orbock Bowden Ruark & Dilalrd, PC, by Barbara E. Ruark and Devin F. Thomas, for the defendants-appellants-appellees.*

WYNN, Judge.

Plaintiff-employee Rhonda Levens and defendant-employer Guilford County Schools appeal from an opinion of the North Carolina Industrial Commission awarding Ms. Levens ongoing disability benefits, reasonably necessary medical care related to her

LEVENS v. GUILFORD CTY. SCHOOLS

[152 N.C. App. 390 (2002)]

compensable injury, reasonable attorneys' fees, and compensation to her family for retroactive and continuing attendant care. We affirm the Commission's opinion and award.[1]

On 10 April 1996, Ms. Levens suffered a compensable injury to her upper left extremity as a result of an accident arising out of her employment with Guilford County Schools. In September 1997, the Commission approved the acceptance of liability (Form 21 Agreement) by Guilford County Schools.

As a result of the accident, Ms. Levens underwent a course of medical treatment including two surgeries, but developed reflex sympathetic dystrophy; she has only minimal use of her extremities and is largely confined to a wheelchair. Her treating physician, Dr. Gary Poehling (an orthopaedic surgeon chosen by Guilford County Schools) ordered attendant care for her, increasing from two to three hours daily in January 1999 to eight hours daily in May 1999.

In September 1999, Ms. Levens obtained a hearing before Deputy Commissioner Amy L. Pfeiffer on her claims for benefits arising from the compensable claim. Before the hearing, the parties stipulated that Ms. Levens was totally and permanently disabled, agreed that Ms. Levens was entitled to either have modifications made to her existing home or have a new, handicap-accessible house built, and, agreed that the primary issue for determination before the Deputy Commissioner was whether Ms. Levens was entitled to retroactive payments to her family members for having provided her with attendant care. As of the close of the evidentiary record before Deputy Commissioner Pfeiffer, Guilford County Schools had not provided Ms. Levens with the requested attendant care. As a result, Ms. Levens' family assumed all attendant care responsibilities.[2]

---

1. We note that on 19 October 2001, defendant-appellant filed a motion for an extension of time to file its brief. This motion was allowed by this Court pursuant to an order filed on 22 October 2001, requiring defendant-appellant's brief to be filed on or before 1 December 2001, with no further extensions barring a showing of extraordinary cause. However, defendant-appellant's brief was not filed until 5 December 2001. Similarly, plaintiff-appellant filed a motion on 2 November 2001 for an extension of time to file its brief. This motion was allowed by this Court pursuant to an order filed on 5 November 2001, requiring plaintiff-appellant's brief to be filed on or before 1 December 2001, with no further extensions barring a showing of extraordinary cause. Nonetheless, plaintiff-appellant's brief was not filed until 4 December 2001. While defendant-appellant's and plaintiff-appellant's briefs were not timely filed before this Court, we nonetheless consider the merits of their appeals. See N.C.R. App. P. 2 (2002).

2. The family members providing care to Ms. Levens included her two children (both of whom were minors as of the hearing date before Deputy Commissioner Pfeiffer) as well as her husband and aunt.

In April 2000, Deputy Commissioner Pfeiffer ordered Guilford County Schools to continue paying Ms. Levens temporary total disability benefits; and to pay all reasonable medical expenses, past and future, incurred by Ms. Levens for treatment of her reflex sympathetic dystrophy, including the attendant care prescribed by Dr. Poehling. Deputy Commissioner Pfeiffer further ordered Guilford County Schools to pay Ms. Levens' family for attendant care at the rate of $14.00 per hour on weekdays, $15.00 per hour on weekends, and $21.00 per hour on holidays, including retroactive payments for attendant care performed from 19 April 1999 and continuing until such time as the Commission gave Guilford County Schools permission to cease such payments. Furthermore, Deputy Commissioner Pfeiffer concluded that Guilford County Schools had defended Ms. Levens' claim without reasonable ground, and ordered Guilford County Schools to pay Ms. Levens' attorney a fee equal to twenty-five percent of the lump sum amount retroactively paid for attendant care. Additionally, Guilford County Schools was ordered to authorize (1) the purchase of a golf cart for Ms. Levens' use, subject to Dr. Poehling's approval, and (2) payment of any necessary deposit for the construction of a new handicap-accessible house for Ms. Levens, subject to Dr. Peohling's approval of the house design. Guilford County Schools appealed to the full Commission.

From that appeal, in March 2001, the Commission entered an opinion and award ordering Guilford County Schools to (1) continue paying Ms. Levens permanent and total disability benefits; (2) pay for all medical expenses reasonably necessary to effect a cure or lessen or relieve Ms. Levens' reflex sympathetic dystrophy, including retroactive and continuing attendant care as prescribed by Dr. Poehling; (3) pay Ms. Levens' family $10.00 per hour for providing attendant care, including retroactive payment for attendant care from January 1999 continuing until further order by the Commission; (4) pay to Ms. Levens' attorney, as a consequence of Guilford County Schools' unreasonable defense of Ms. Levens' claim, a fee equal to twenty-five percent of the lump sum retroactively paid by Guilford County Schools for attendant care, to cover Ms. Levens' attorneys' fees and litigation costs. Additionally, the Commission ordered Guilford County Schools to pay any deposits necessary for remodeling Ms. Levens' existing home, or to construct a new handicap-accessible home on Ms. Levens' property, subject to the approval of such plans by Dr. Poehling or a life-care planner. Both parties appeal to this Court.

## I. Standard of Review

On an appeal from an opinion and award of the Commission, this Court is generally limited to addressing two questions: (1) Whether there is any competent evidence to support the Commission's findings of fact; and (2) Whether the Commission's findings of fact support its conclusions of law. *See Lowe v. BE&K Construction Co.*, 121 N.C. App. 570, 573, 468 S.E.2d 396, 397 (1996). The Commission's findings are conclusive on appeal if supported by any competent evidence, even where the evidence may support a contrary finding. *See Bailey v. Sears Roebuck & Co.*, 131 N.C. App. 649, 652-53, 508 S.E.2d 831, 834 (1998). "[T]he Commission is the sole judge of the credibility of the witnesses as well as how much weight their testimony should be given." *Id.* at 653, 508 S.E.2d at 834.

## II. Ms. Levens' Appeal

**[1]** In her appeal, Ms. Levens' contends that the Commission erred in (1) not requiring Guilford County Schools to build her a new house[3], and (2) establishing an attendant care reimbursement rate of $10.00 per hour for Ms. Levens' family members. We disagree.

In its award and order concerning remodeling Ms. Levens' existing home or building her a new one, the Commission presented Guilford County Schools with the option of remodeling Ms. Levens' existing home to render it handicap-accessible or constructing a handicap-accessible new home for her, stating:

> [Guilford County Schools] is not required to construct a new home for [Ms. Levens] but may use this as a reasonable option. The details of the building or remodeling shall be decided by reasonableness and medical necessity shall govern where there are any conflicts between the parties.

Ms. Levens contends that this portion of the opinion and award is "contrary to North Carolina law, fails to take into consideration the stipulations and waivers of [Guilford County Schools], and is not supported by the evidence". We disagree.

We note that the Commission's opinion and award contained no stipulations, findings of fact or conclusions of law concerning the

---

3. The record notes that Ms. Levens was initially opposed to the idea of moving into a new handicap-accessible house, instead preferring to make modifications to her existing home. Ms. Levens acknowledged as much in her brief to the full Commission, wherein she also stated that "for handicapped housing North Carolina law requires only that the modifications be made, not that new construction be made."

remodeling of Ms. Levens' existing house or the construction of a new handicap-accessible house for her. However, the Commission incorporated by reference several orders entered by Deputy Commissioner Pfeiffer, including: (1) An order entered on 29 September 1999, ordering Guilford County Schools, within sixty days from the filing thereof, to:

> secure an additional estimate or estimates of the cost of imple-menting the housing plans already drawn up and approved by [Ms. Levens'] treating physician. In the alternate, [Guilford County Schools] may pursue other appropriate avenues, such as modular housing. If [Guilford County Schools] has been unable to secure appropriate alternatives to [Ms. Levens'] plan and con-tractor, [Guilford County Schools] will be bound by [Ms. Levens'] plan and the use of [Ms. Levens'] contractor.

(2) An order entered 1 March 2000, stating that "[Guilford County Schools] has agreed to pay expenses charged by J.C. Williams Construction, Inc., and accordingly it should do so as soon as is prac-ticable." Per this order, Deputy Commissioner Pfeiffer also ordered that "if A to Z Contractors is the company that will remodel [Ms. Levens'] home, this contractor MUST adhere to the specifications set forth by Dr. Poehling, [Ms. Levens'] treating physician." (3) An order entered 7 March 2000, ordering [Guilford County Schools] to "make [its] decision about which builder to employ, and [Guilford County Schools] shall authorize same to commence construction no later than 24 March 2000. This does not imply that construction must begin by this date." (4) An order entered 4 April 2000, ordering [Guilford County Schools] to pay J.C. Williams Construction and to "comply immediately with the order filed by the undersigned on 1 March 2000, or [] be subject to sanctions."

These orders, incorporated by the Commission into its opinion and award and unchallenged by Ms. Levens, indicate that the parties obtained several estimates from various contractors for remodeling Ms. Levens' existing home. The record contains an estimate from con-tractor Michael Pendleton, Inc. dated 13 August 1999 for $102,335 for proposed "repairs and modifications" to Ms. Levens' existing home to make it handicap-accessible. The Deputy Commissioner's September 1999 order then provides Guilford County Schools the opportunity to seek additional estimates to implement the same modifications "approved by [Ms. Levens'] treating physician," or to "pursue other appropriate avenues, such as modular housing." In her March 2000 order, Deputy Commissioner refers to A to Z Contractors plans to

"remodel [Ms. Levens'] home." The record contains two estimates obtained by Guilford County Schools from A to Z Contractors, Inc., to renovate Ms. Levens' home; the first estimate obtained from A to Z Contractors totaled $98,726.52; the second estimate totaled approximately $67,883. Addressing Ms. Levens' concerns that this second estimate did not involve modifications that would meet Dr. Poehling's specifications, Deputy Commissioner Pfeiffer specified in the 1 March 2000 order that any plans to remodel Ms. Levens' home must conform to Dr. Poehling's specifications.

Notably absent from the record are any estimates for constructing a new home for Ms. Levens subject to Dr. Poehling's specifications. Nonetheless, the Deputy Commissioner's orders, incorporated by reference into the Commission's 23 March 2001 opinion and award, make clear that Guilford County Schools was permitted to pursue alternatives to remodeling Ms. Levens' existing home, as long as any home prepared for Ms. Levens (whether a remodeled home or a new home) complied with reasonably medically necessary specifications. While Ms. Levens challenges the Commission's order stating that Guilford County Schools is not *required* to build Ms. Levens a *new* home, (but may consider this as a reasonable option) subject to reasonably medically necessary specifications, we conclude that competent evidence existed before the Commission to support this portion of its award and order. Accordingly, we hold that the Commission did not err in ordering that [Guilford County Schools] need not necessarily build Ms. Levens a new handicap-accessible home, nor did the Commission err in ordering that the details of any new home construction or remodeling should be governed by "reasonableness and medical necessity," without specifically ordering that Dr. Poehling's specifications be followed.

[2] Ms. Levens next argues that the Commission erred in concluding and ordering that her family members should be paid for attendant care "at the reasonable rate of $10 per hour." The Commission's unchallenged findings indicate that in August 1999, Guilford County Schools hired Janet Groce, a registered nurse, as a medical case manager. Ms. Groce spent several months contacting home health agencies in an unsuccessful attempt to locate someone to take Ms. Levens' case. Ms. Groce testified before Deputy Commissioner Pfeiffer that home health agencies normally charge $14.00-15.00 per hour, while home health-care attendants earn $9.00-10.00 per hour. Ms. Levens challenges the Commission's statement that "these rates are for professional attendant care and [are] not indicative of a fair

rate for care given by family members." Additionally, Ms. Levens specifically challenges the Commission's finding that Ms. Levens' family members should be compensated "at a rate that takes into consideration the rate charged by professional home health care agencies and the hourly rate actually received by an individual attendant and the fact that the care has been provided by family members who are not professionals."

However, the record contains testimony supporting the commission's findings. For instance, Ms. Groce testified in her deposition that home health care agencies typically pay their certified nursing assistants rendering in-home attendant services "anywhere from $8.50 to ten, a little over $10 per hour"; however, the agencies charge a higher rate, typically between $13.50 and $14.50 per hour, to the insurance company or other payor. In light of our review of the record in this case showing that the Commission's findings of fact are supported by competent evidence, we uphold the resulting conclusions by the Commission on the hourly rate entitlement of Ms. Levens' family members.

### III.  Guilford County Schools's Appeal

[3] In its appeal, Guilford County Schools first argues that the Commission erred in ordering retroactive payment to Ms. Levens' family members for attendant-care services "at a rate equivalent to that paid to a trained certified nursing assistant." Guilford County Schools argues that "[Ms. Levens'] family members should not be paid at the same rate as a professional home health worker."

The Commission's findings challenged by Guilford County Schools are as follows:

5. [O]ut of necessity, [Ms. Levens'] family assumed all attendant care responsibilities with the exception of [] two isolated occasions. . . . [Ms. Levens' husband] resigned his position [as a long-haul truck driver] to be home to assist with [Ms. Levens'] attendant care. Additionally, [Ms. Levens'] husband's aunt has been involved with the attendant care.

. . .

11. As of the date of the hearing before the Deputy Commissioner, [Ms. Levens'] family had provided all attendant care, with the exception of two weeks at the most, required by Dr. Poehling's instructions, as follows:

(a.) From 25 January through 19 April 1999—à average of 2.5 hours per day.

(b.) From 20 April through 6 May 1999—6 hours per day.

(c.) From 7 May 1999 through 22 September 1999—8 hours per day.

12. The greater weight of the evidence establishes that [Ms. Levens'] family should be reimbursed and compensated for providing retroactive as well as ongoing attendant care for [Ms. Levens] as prescribed by [Ms. Levens'] treating physician.

The Commission concluded accordingly that:

2. [Guilford County Schools] is required to provide [Ms. Levens] with reasonably necessary medical treatment related to her compensable injury by accident which tends to effect a cure, provide relief, or lessen the period of disability, including retroactive and continuing attendant care. N.C.G.S. § 97-2(19) and §97-25 [2001].

. . .

4. [Guilford County Schools] shall pay [Ms. Levens'] family for attendant care retroactively . . . at the reasonable rate of $10.00 per hour which takes into consideration the rate charged by professional home health care agencies and then hourly rate actually received by an individual attendant and the fact that the care has been provided by family members who are not professionals. N.C.G.S. §97-25; *London v. Snak Time Catering, Inc.*, 136 N.C. App. 473, 525 S.E.2d 203 (2000).

Guilford County Schools argues that there is insufficient evidence in the record to indicate that the care provided by Ms. Levens' family members "was reasonably required to effect a cure, give relief, or lessen the period of Ms. Levens' disability," such that Ms. Levens failed to demonstrate how much her family members should be paid for their services, if anything. Furthermore, Guilford County Schools contends that there is insufficient documentation of the hours worked by Ms. Levens' family members providing attendant care services, and argues that Ms. Levens' family members should not be compensated at the same rate as a properly-trained and skilled attendant caregiver. The record does not support these contentions.

Significantly, Guilford County Schools does not contest the Commission's findings that (1) Dr. Poehling ordered Ms. Levens to

LEVENS v. GUILFORD CTY. SCHOOLS

[152 N.C. App. 390 (2002)]

receive attendant care as a result of her reflex sympathetic dystrophy, (2) on 25 January 1999, Dr. Poehling wanted Ms. Levens to receive two to three hours of attendant care daily, (3) on 19 April 1999, Dr. Poehling increased this to six hours of attendant care daily, and (4) on 6 May 1999, Dr. Poehling increased this to eight hours of attendant care daily. Guilford County Schools also does not contest the Commission's finding that it had not provided Ms. Levens with the attendant care as ordered by Dr. Poehling as of the close of the evidentiary record. Furthermore, Ms. Levens' testimony before Deputy Commissioner Pfeiffer adequately supported the Commission's finding that Ms. Levens' family members assumed all attendant care responsibilities, and provided the necessary care as prescribed by Dr. Poehling.

Additionally, there is ample evidence in the record indicating that the attendant care provided by Ms. Levens' family members was reasonably required to provide relief from her disability; indeed, Ms. Groce testified that attendant care need not be provided by a certified nursing assistant, but may instead be adequately provided by a family member. Evidence in the record shows that the required attendant care services prescribed by Dr. Poehling were being adequately provided by Ms. Levens' family members.

Moreover, with respect to the hours worked by Ms. Levens' individual family members providing attendant care services, the Commission did not allocate payments to individuals but rather ordered Ms. Levens to submit payment information to Guilford County Schools including the allocation of the time for each individual to allow Guilford County Schools to direct payment appropriately. Regarding the payment rate of $10 per hour, we conclude, as above, that the Commission's findings of fact adequately support its conclusions of law in this respect. There is ample evidence in the record to support the Commission's finding of fact, unchallenged by Guilford County Schools, that "the fair rate for attendant care provided [to Ms. Levens] by family members is $10.00 per hour." This argument is overruled.

[4] Lastly, Guilford County Schools argues that the Commission erred in concluding that it had defended Ms. Levens' claim for retroactive attendant care without reasonable grounds and that Ms. Levens was therefore entitled to reasonable attorneys' fees and costs. However, in testimony before Deputy Commissioner Pfeiffer on 22 September 1999, Jean Suiter, an employee with the North Carolina

School Board Association, indicated that, while she had made attempts to find attendant care for Ms. Levens, she could not recall the agencies she had dealt with. Near the end of August 1999, Ms. Suiter asked Marguerite Hill to assist with finding attendant care for Ms. Levens.

Acknowledging that "there seemed to have been a dropping of the ball somewhere," Ms. Suiter stated that, at the time of her testimony, both Ms. Groce and Ms. Hill, each of whom was hired in August 1999, were still working on obtaining quotes for attendant care for Ms. Levens. There is no evidence in the record that Guilford County Schools made any attempt to find attendant care for Ms. Levens between 25 January 1999, when Dr. Poehling first ordered attendant care, and August 1999, despite Guilford County Schools' assertion in its brief that it "attempted to find attendant care for plaintiff from the time that it was ordered by her physician." Accordingly, we conclude that the Commission's conclusions of law on this issue are supported by its findings of fact, which are in turn supported by competent evidence in the record. Guilford County Schools' arguments to the contrary are without merit.

Affirmed.

Judges HUNTER and THOMAS concur.