I respectfully dissent from the majority decision herein. Although I disagree with the majority's finding and conclusion that plaintiff has not proven that he is entitled to attendant care, my primary concern is that the majority has reached beyond their own factual analysis to deliberately advance their personal position about what the law ought to be for entitlement to attendant care. This attempt at "judicial legislation" is neither required, nor proper under the facts of this case.
First, the majority has characterized preauthorization by the Commission as a prerequisite for payment to family members who provide attendant care to a claimant. There is no such requirement under the Act, nor is it, as the majority claims, the "standard practice and interpretation" of the Commission to include family-provided attendant care in an all-encompassing definition of "Special Duty Nursing."
The case cited by the majority in support of this requirement isHatchett v. The Hitchcock Corp., 240 N.C. 591, 83 S.E.2d 539 (1954). The Industrial Commission Rules and Regulations, made and published in 1945, which were in force during the pendency of that claim, contained the following provision as to nursing: "In cases of urgent necessity a special graduate or registered nurse may be furnished for not to exceed seven days. Written authority must be obtained in advance for all services in excess of seven days. Fees for practical nursing service by a member of claimant's family or any one else will not be honored unless written authority has been obtained in advance." The attendant care services by a family member sought by plaintiff herein are not "Special Duty Nursing" services under the Industrial Commission Medical Fee Schedule. Pre-approval is not required by applicable statute, rules or case law.
One recent case on point is Ruiz v. Belk Masonry Co., 148 N.C. App. 675,559 S.E.2d 249 (2002). In Ruiz, the Court of Appeals addressed the defendants' argument that the plaintiff was not entitled to attendant care benefits due to the failure to seek approval of the care given by a family member prior to performance. The Court noted that N.C. Gen. Stat. § 97-90(a) does not require pre-approval of fees charged by health care providers, except for physicians, hospitals or other medical facilities. As family members do not fall into these exceptions, the Court expressly found that compensation to a family member health care provider is allowed without the Commission's pre-approval and dismissed defendants' assignment of error.
Earlier case law is indicative of the appellate courts' continuous approval of compensation for family member health care providers without Commission pre-approval. In Levens v. Guilford County Schools,152 N.C. App. 390, 567 S.E.2d 767 (2002), the Court of Appeals adjudicated the issue of the entitlement of family members to reimbursement for attendant care solely upon whether the care provided was "reasonably required to provide relief from [plaintiff's] disability." There was no discussion by the Court regarding the necessity of obtaining preauthorization from the Commission as a prerequisite to reimbursement.
In London v. Snak Time Catering, 136 N.C. App. 473, 525 S.E.2d 203
(2000), the Court reviewed the Commission's conclusion of law that the plaintiff was entitled to an award of compensation for attendant care by determining (1) whether the plaintiff was in need of attendant care; (2) whether the family member was the best available person to provide the needed care; (3) what was the hourly rate for unskilled attendant care services in the area; (4) whether the family member had in fact provided the care in question; and (5) the number of daily hours of care required by the plaintiff. Again, there is no preauthorization requirement addressed by the Court.
The majority in Finding of Fact No. 33 appears to create an additional prerequisite for family-provided attendant care by finding that "the circumstances surrounding the alleged need for attendant care were not urgent or unusual." There is no such requirement under the Act or in case law. In fact, in London v. Snak Time Catering, supra, the Court took specific notice of instances where the care required consists of duties requiring a few minutes at a time to ensure the injured workers' well being. In those cases, "due to the sporadic nature and due to the minimum billing required by most agencies, it is not reasonable to expect a home health care agency to provide this type of service for the plaintiff. . . ." In other words, there are many instances in which family-provided attendant care is justified, although not "urgent or unusual." The issue is only whether the care is reasonably required to provide relief under the circumstances.
In a final attempt to further limit the injured workers' right to employer-funded attendant care, the majority has in Finding of Fact No. 37 attempted to place as a prerequisite to obtaining attendant care that a plaintiff be shown as incompetent, unable to live independently, needful of 24 hour supervision, and pose a danger to himself and others. The majority cites the lack of such evidence in this case as a bar to plaintiff's wife recovering for the attendant care she provides. To impose such an evidentiary burden on plaintiff is unsupported by law or logic. The need of a patient for attendant care should be based upon whether the medical and other evidence of record establishes that attendant care is reasonably required to effect a cure, provide relief or tends to lessen an injured worker's disability.
In conclusion, plaintiff has shown by the greater weight of the evidence that he needs attendant care services. Plaintiff's wife has been providing such care since plaintiff's injury and is in the better position to continue to provide this care. Defendant should be required to pay plaintiff's wife for attendant care she has and continues to provide to plaintiff.
For these reasons, I dissent from the majority Opinion and Award in this case.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER