***********
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. Defendant is a duly qualified self-insured.
3. The date of plaintiff's injury was April 11, 1997.
4. On that date, an employee-employer relationship existed between the parties.
5. Judicial notice may be taken of all Industrial Commission forms on file.
6. The following exhibits were admitted into evidence of record at the hearing before the Deputy Commissioner:
(a) Stipulated Exhibit 1: Pre-Trial Agreement
(b) Stipulated Exhibit 2: plaintiff's medical records
(c) Stipulated Exhibit 3: Assisted Living Facilities Report and Medical Rehabilitation Reports
(d) Stipulated Exhibit 4: Industrial Commission Forms and Opinion and Award filed on December 28, 2000
(e) Plaintiff's Exhibit 1: Letter from Dr. Joy dated May 8, 2001
(f) Plaintiff's Exhibit 2: Letter from Dr. Joy dated December 12, 2001
7. The depositions and medical records of Dr. Scott V. Joy, Martha J. Curtie, Linda A. Nowles, Wanda J. Dean, and Susan K. Killmond are a part of the evidence of record.
8. The issues for determination before the Deputy Commissioner were: to what benefits is plaintiff entitled; should defendant be compelled to provide nursing care, attendant care, a life care plan, transportation services, and reimbursement for necessary expenses; is plaintiff entitled to sanctions due to defendant's failure to provide recommended treatment and services; was defendant unreasonable in failing to provide the services prescribed by Dr. Joy entitling plaintiff to attorney's fees under N.C. Gen. Stat. § 97-88.1.
9. The only issue raised on appeal before the Full Commission is whether plaintiff is entitled to attorney's fees under N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was sixty-three years old. Plaintiff was found permanently and totally disabled by the Commission in an Opinion and Award filed December 28, 2000. Her compensable work — related health conditions include diabetes, anxiety, depression, and carpal tunnel syndrome.
2. Plaintiff's work-related aggravation of her diabetic condition resulted in loss of most of her vision in both eyes such that she is functionally blind, has peripheral neuropathy resulting in loss of feeling and control over her legs and feet, high blood sugar levels, and requires long-term medical care and medication. Plaintiff is insulin dependent.
3. On May 8, 2001, plaintiff's treating physician, Dr. Scott V. Joy, prescribed the following: 1) A home health care nurse visit once every week, 2) a taxi service to take plaintiff to necessary appointments "such as doctors, grocery store, etc.", 3) a cleaning service once per week to maintain proper medical hygiene in plaintiff's house, 4) yard maintenance through the summer months to mow and rake plaintiff's yard, and 5) a Lifeline Alert System. Defendant refused to provide the prescribed services.
4. On July 10, 2001, plaintiff filed a Form 33, Request that Claim be Assigned for Hearing, requesting defendant be ordered to provide the treatment and services recommended by Dr. Joy.
5. On December 7, 2001, Dr. Joy prescribed at least four hours of exercise walking each week to help control plaintiff's high blood sugar and work-related aggravation of her diabetic condition. Because plaintiff is visually impaired, Dr. Joy felt the best and safest place for plaintiff to walk is in the malls.
6. The attendant care services prescribed by Dr. Joy are medically necessary as a result of the work-related aggravation of plaintiff's diabetic condition and resulting multiple complications, including blindness and peripheral neuropathy.
7. In its brief, defendant admitted responsibility for "the services of a home health care nurse, taxi services to medical appointments, and a Lifeline Alert System." However, defendant argued that "house cleaning, yard maintenance, and transportation are ordinary necessities of life, the cost of which are provided for under the statutory wage substitute, commonly called disability compensation."
8. Prior to the work-related aggravation of plaintiff's diabetic condition, plaintiff was fully independent. She drove a car, maintained her home and yard, was employed in full-time competitive work, had an active social and recreational life, and suffered from no visual or functional impairments whatsoever.
9. Wanda Bean, R.N., is a Certified Diabetes Educator who has been providing valuable nursing services to plaintiff for years and is a respected professional in whom plaintiff has confidence. The nursing and diabetes education services provided by Ms. Bean have been medically necessary in the past and will be required for the foreseeable future.
10. Stress aggravates plaintiff's diabetic condition. As a result of the work-related aggravation of her diabetes, plaintiff has received counseling from Linda Noyes, a clinical social worker. Ms. Noyes testified and the Commission finds that future care may be necessary to help plaintiff deal with stress and anger management.
11. As a result of the work-related aggravation of her diabetes, plaintiff has received podiatry care from Rhonda S. Cohen, D.P.M., and will require ongoing preventative care for the foreseeable future.
12. With regard to a life care plan, Dr. Joy offered no testimony regarding the need for a life care plan, and in her brief to the Commission plaintiff made no argument for approval of a life care plan.
13. Defendant defended this claim without reasonable ground and has been unreasonably litigious. Defendant refused to honor written prescriptions from plaintiff's authorized treating physician for attendant care and services. Defendant presented no evidence at the hearing that such care and services were not medically necessary. The costs of house cleaning, yard maintenance, and a taxi service are not "ordinary necessities of life" for plaintiff, but rather are extraordinary and unusual expenses that plaintiff has incurred as a result of her work related injury.
 ***********
Based on the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In numerous cases, the award of attendant care has been upheld by our appellate courts. See, Levens v. Guilford CtySchools, 152 N.C. App. 390, 567 S.E.2d 767 (2002); London v. SnakTime Catering, Inc., 136 N.C. App. 473, 525 S.E.2d 203 (2000);Ruiz v. Belk Masonry Co., 148 N.C. App. 675, 559 S.E.2d 249
(2002). An ordinary necessity of life is to be paid from the statutory substitute for wages provided by the Workers' Compensation Act. However, extraordinary and unusual expenses are embraced in the "other treatment" language of N.C. Gen. Stat. §97-25. Timmons v. N.C. Dept. of Transportation,123 N.C. App. 456, 473 S.E.2d 356 (1996), aff'd per curiam, 346 N.C. 173,484 S.E.2d 551 (1997). In the present case, the services prescribed by Dr. Joy are not ordinary expenses of life for plaintiff, but rather extraordinary and unusual expenses that plaintiff has incurred as a result of her work related injury. Accordingly, these expenses are payable by defendant in addition to plaintiff's disability compensation. N.C. Gen. Stat. §§ 97-25,97-29, and 97-59.
2. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19);97-25, 97-59.
3. Plaintiff is entitled to attorney's fees because defendant's denial of benefits was based upon stubborn, unfounded litigiousness. N.C. Gen. Stat. § 97-88.1; Sparks v. MountainBreeze Restaurant, 55 N.C. App. 663, 286 S.E.2d 575 (1982).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall provide plaintiff with the following services:
 A taxi service to transport plaintiff to all doctors' appointments, once per week to the grocery store, and three times per week to a local mall for walking. The taxi service provided shall be licensed by the City of Durham, locally dispatched, and shall consistently provide timely service.
A home cleaning service once per week.
 A yard maintenance service once per week in the summer and fall to mow grass, rake leaves, and remove any dangerous debris, such as fallen limbs, from plaintiff's yard.
2. Defendant shall pay for medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including weekly home health care by Wanda Bean, RN, podiatry treatment by Dr. Rhonda S. Cohen and counseling by Linda Anne Noyes, LCSW. Dr. Joy shall determine the necessity of future medical services, including counseling by Ms. Noyes and/or treatment by other mental health providers. Ms. Bean shall provide to defendant any necessary paperwork regarding her services to enable payment for her services.
3. Defendant shall pay a reasonable attorney's fee in the amount of $5,000.00 to plaintiff's attorney as part of the cost of this action.
4. Plaintiff's motion that an Industrial Commission rehabilitation nurse be assigned to this case is denied at this time, but said motion may be renewed if necessary in the future.
5. Defendant shall pay the costs due the Commission.
This the 6th day of February 2004.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ THOMAS J. BOLCH COMMISSIONER
LKM/mb