HUDSON, Judge.
Plaintiff alleged he sustained a compensable injury by an electrical shock received 14 August 2001, which defendants denied. On 11 April 2002, Deputy Commissioner W. Bain Jones heard the matter. By opinion and award filed 30 January 2003, Deputy Commissioner Jones concluded that plaintiff sustained a compensable injury by accident and awarded plaintiff ongoing temporary total disability benefits beginning 15 August 2001. Defendants appealed to the Full Commission, which found and concluded, by opinion and award filed 19 November 2003, that plaintiff sustained a compensable injury by accident. It also awarded temporary total disability benefits beginning 15 August 2001. Defendants appeal. As discussed below, we affirm.
The following is a summary of the Full Commission's findings. Plaintiff Steven Rowell worked as an equipment operator for defendant-employer G.S. Materials ("GSM"). GSM is a mining operation, subject to the Mine Safety and Health Administration ("MSHA"), which used A-40 Volvo dump trucks to transport and dump loads. The A-40's warning light indicates when the bed of the truck is raised, and plaintiff had experience with these trucks. Plaintiff was trained in the operation of these trucks, and had, on occasion, completed a pre-shift inspection checklist of his equipment.
Plaintiff did not complete the pre-shift inspection checklist on 14 August 2001. On that day, plaintiff made 15-20 successful runs with the truck. As plaintiff returned from one of his runs, his supervisor, Chris Murchison, contacted plaintiff via CB radio and advised him that he was driving the truck with the bed raised and asked him to lower it. Despite repeated warnings from Murchison, plaintiff did not lower the raised bed, and shortly thereafter, the raised bed struck and severed a power line. Plaintiff drove clear of the lines and spoke to Murchison via CB, then drove back to GSM's office. Plaintiff parked the truck and walked to the breakroom. GSM called paramedics after plaintiff arrived in the breakroom. The EMTs took plaintiff's history, and examined his vital signs, including cardiac monitoring and an EKG reading. Plaintiff told EMT Richard Bullock that "he had hit a power line, saw a flash and then drove back to the office." The tests revealed nothing abnormal, nor did the EMT find any entrance or exit wounds. Plaintiff was transported to Central Carolina Hospital and then transferred to UNC Hospital. Some of plaintiff's medical records indicated a loss of consciousness. Dr. Michael Peck, Director of the UNC Burn Center diagnosed plaintiff with high-voltage injuries including short-term memory loss, but noted no soft tissue damage. In Dr. Peck's opinion, based on the history and evaluation of plaintiff, plaintiff's injuries were caused exclusively by his exposure to high voltage current, and plaintiff remains unable to work.
Plaintiff began having problems including difficulty taking care of daily activities and difficulty concentrating. Dr. Peck indicated that plaintiff's long-term prognosis is not good, and that he is unlikely to be able to return to his previous work. Psychological evaluation indicated plaintiff's communication deficits.
Based on these findings, the Full Commission concluded, in pertinent part,
1. On August 14, 2001, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer. 2. As result of his compensable injury by accident on August 14, 2001, plaintiff is entitled to total disability compensation from August 15, 2001, and continuing until further order from this Commission.
3. Plaintiff is entitled to receive medical treatment relating to his compensable injury by accident so long as such treatment should effectuate a cure, give relief, or lessen plaintiff's period of disability.
Defendants argue that there was no competent evidence in this case to support the Commission's conclusion that plaintiff sustained a compensable injury by accident. We disagree.
Defendants contend that there was not sufficient competent evidence to support the following findings:
8. Plaintiff did not lower the bed of the truck and the bed of the truck a power line.
* * *
11. Paramedics were called to defendant-employer's office to care for plaintiff. EMT Richard Bullock arrived at defendant-employer's office at approximately 11:09 on August 14, 2001. Plaintiff informed Mr. Bullock he had hit the power line, saw a flash and then drove back to defendant-employer's office. Plaintiff received oxygen, his vital signs and pulse were examined and he was placed on a cardiac monitor. The results of the initial evaluation indicated there was nothing abnormal.
* * *
21. Defendants retained Johnny Dagenhart, an electrical engineer, to investigate the accident on August 14, 2001. After performing the investigation, Mr. Dagenhart concluded that plaintiff did not suffer from an electrical shock. Mr. Dagenhart was not present at the time the accident occurred and is not able to render medical opinions.
22. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer on August 14, 2001. Plaintiff is incapable of returning to work at this time.
Several other findings are listed in defendants' assignments of error, but because they are not addressed in defendants' brief, we deem them abandoned.
The scope of this Court's review of a decision of the Industrial Commission is well-established:
(1) the Full Commission is the sole judge of the weight and credibility of the evidence, and (2) appellate courts reviewing Commission decisions are limited to reviewing whether any competent evidence supports the Commission's findings fact and whether the findings of fact support the Commission's conclusions of law.
Deese v. Champion Int'l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 553 (2000). "[T]his Court does not have the right to weigh the evidence and decide the issue on the basis of its weight. The court's duty goes no further than to determine whether the record contains any evidence tending to support the finding," without regard to whether there was evidence that would have supported contrary findings. Adams v. AVX Corp., 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998) (citation and quotation marks omitted), reh'g denied, 350 N.C. 108, 532 S.E.2d 522 (1999). Further, we are required to view the evidence in the light most favorable to the plaintiff. Id.
In challenging finding 8, defendants argue that there was not sufficient competent evidence that plaintiff's truck struck energized power lines. As quoted above, finding 8 makes no mention of whether the power line struck by plaintiff's truck was energized, although this fact may be implied. In any case, the Commission heard competent evidence to support the finding as made. Chris Murchison testified that plaintiff made several runs with the bed of his truck raised and eventually ran into a power line. Plaintiff testified that he struck the power lines with the raised bed of his truck, after which he saw a flash and heard a boom. Defendants argue that the testimony from Michael Adcock, manager of operations and engineering for Central Electric Membership Corporation, that plaintiff did not strike an energized power line, was not given sufficient weight. As noted above, this Court does not reweigh the evidence, but only considers "whether the record contains any evidence tending to support the finding." Adams, 349 N.C. at 681, 509 S.E.2d at 414. Here, the evidence does support the finding.
Defendants also contend that there was not sufficient evidence to support finding 22 that plaintiff sustained a compensable injury by accident on 14 April 2001. Defendants again ask this Court to reweigh the evidence and give greater weight than the Commission did to testimony from particular witnesses. However, the plaintiff testified that he saw a flash and heard a boom after striking the power line, and Dr. Peck testified that plaintiff suffered from injuries caused by exposure to high-voltage electrical current. Because this testimony and other evidence are sufficient competent evidence to support finding 22, it is conclusive on appeal. Defendants also contend that the Commission did not give appropriate consideration to the testimony from fellow employee Bruce Horn and EMT Howard Matthews as evidenced by the Commission's failure to make detailed findings about the testimony of these witnesses.
The Commission is not required . . . to find facts as to all credible evidence. That requirement would place an unreasonable burden on the Commission. Instead, the Commission must find those facts which are necessary to support its conclusions of law.
London v. Snak Time Catering, 136 N.C. App. 473, 476, 525 S.E.2d 203, 205, cert. denied, 352 N.C. 589, 544 S.E.2d 781 (2000) (citations omitted). The Commission did consider the testimony of these witnesses as the opinion specifically mentions them in finding 10. Again, we decline to reweigh this evidence, as doing so is not the function of this Court.
Defendants also argue that the Commission should have given more weight to the testimony of Mr. Dagenhart mentioned in finding 21. However, as noted above, "the Full Commission is the sole judge of the weight and credibility of the evidence." Deese, 352 N.C. at 116, 530 S.E.2d at 553. We will not disturb the Commission's weighing of the evidence.
Because the evidence before the Commission supports the findings, they are conclusive on appeal. The Commission's findings, in turn, support its conclusions and the award.
Affirmed.
Judges TIMMONS-GOODSON and STEELMAN concur.
Report per Rule 30(e).