* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Donovan and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matter of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS *Page 2 
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and of the subject matter.
2. All parties are properly before the Commission, and are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. On July 22, 1996, an employment relationship existed between plaintiff and defendant.
4. Plaintiff's average weekly wage on the date of the injury giving rise to this claim was $125.40, which yields a weekly compensation rate of $83.60.
5. Atlantic Mutual Insurance Company is the carrier on the risk.
6. Pursuant to a Form 21 Agreement approved by the Commission on December 6, 1996, defendants accepted liability for plaintiff's July 22, 1996 injury by accident arising out of and in the course of employment.
7. Pursuant to the Opinion and Award of Deputy Commissioner James C. Gillen, defendants owe and will pay a late payment of $1,629.32 (10% late penalty) to Medical Arts Pharmacy, within fourteen days of the date of this agreement and order.
8. Pursuant to the Opinion and Award of Deputy Commissioner Gillen, defendants owe and will pay plaintiff's counsel, J. Kevin Jones, an attorney's fee in the amount of $2,496.88 which represents 25% of a partial payment made to AIM Construction. In the future, defendants agree to promptly pay attorney's fees owed to plaintiff's counsel within fourteen days of payments made for the bathroom modifications and ramp repairs; and agree to promptly provide plaintiff's counsel with copies of the invoices and documentation of the payments made for said work. *Page 3 
9. Defendants agree to promptly pay for an adjustable, hospital-type Select Comfort Sleep Number bed for plaintiff, including delivery and set-up of the bed, and removal of plaintiff's old bed. In addition, defendants agree to be responsible for the return of the non-adjustable Select Comfort bed that is now located in boxes on plaintiff's back porch.
10. Defendants have now made the past due payments for plaintiff's "Life Line" and agree continue to pay the invoices for said "Life Line" promptly when presented by Carolina Home Medical.
11. The issue before the Commission is whether defendants should be assessed late penalties for payments of attendant care made to Melodie Huffman.
 * * * * * * * * * * * EXHIBITS
1. The parties stipulated the following documentary evidence into the record before the Deputy Commissioner:
 a. Stipulated Exhibit #1: June 17, 2003 Opinion and Award by Deputy Commissioner Kim Ledford.
 b. Stipulated Exhibit #2: December 14, 2006 Opinion and Award by Deputy Commissioner James C. Gillen.
 c. Stipulated Exhibit #3: January 12, 2007 Amendment to December 14, 2006 Opinion and Award.
 d. Stipulated Exhibit #4: I.C. forms and filings concerning alleged late payments to Melodie Huffman for plaintiff's home health/attendant care.
 * * * * * * * * * * * *Page 4 
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. The Findings of Fact contained in Deputy Commissioner Kim Ledford's Opinion and Award filed June 17, 2003, are incorporated herein by reference.
2. The Findings of Fact contained in Deputy Commissioner James C. Gillen's Opinion and Award filed December 14, 2006, are incorporated herein by reference.
3. In the June 17, 2003 Opinion and Award of Deputy Commissioner Kim Ledford, defendants were ordered to pay plaintiff's daughter, Melodie Huffman, continuing home health/attendant care at the rate of $8.00 per hour for a 40-hour week and $10.00 per hour for weekends and overtime, 2 hours per day weekdays and 10 hours per day weekends, in the amount of $620.00 weekly, beginning October 22, 2001, and continuing until further Order of the Commission.
4. Stipulated Exhibit #4 shows five payments made to Ms. Huffman that were between two and four weeks "late," meaning payment was received within seven to 28 days after service was completed.
5. Ms. Huffman does not submit bills for each week of services rendered.
6. Ms. Huffman has a high school education and attended two semesters of college, but quit school and her full-time job in May 1999 to care for plaintiff full-time. Ms. Huffman assists her mother by cooking, cleaning, washing clothes, washing her hair, grocery shopping, performing yard work, taking care of pets, paying bills, taking plaintiff to doctor's appointments, pushing plaintiff's wheelchair and assisting in plaintiff's ambulation, including transfers from bed. Ms. Huffman's role as caregiver is a full-time job and she has no other source of income. *Page 5 
7. Defendants argue that the services provided by Ms. Huffman are medical in nature and ordered pursuant to N.C. Gen. Stat. § 97-25. Accordingly, they rely on N.C. Gen. Stat. § 97-18(i) for the proposition that they have 60 days after "approval by the Commission" or 60 days after a bill is "submitted . . . for direct reimbursement", to pay Ms. Huffman before statutory penalties apply.
8. Plaintiff contends that the Opinion and Award of Deputy Commissioner Ledford does not require Ms. Huffman to submit bills and that it ordered the payments to be made weekly; therefore, the 60 day provision of N.C. Gen. Stat. § 97-18(i) does not apply. Rather, plaintiff argues that once 60 days passed from the entry of the Opinion and Award, defendants were responsible for all future payments at the weekly schedule presented in the Opinion and Award.
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-18(i) provides that if any bill for services rendered under N.C. Gen. Stat. § 97-25 is not paid within 60 days after it is properly submitted to the responsible party, a 10% penalty shall be added to the unpaid bill and it shall be paid at the same time as and in addition to the medical bill, unless excused by the Commission.
2. The Commission can find no basis for separating attendant care services from the provision of other medical care. It has long been held that the assignment of and payment for attendant care services is accomplished pursuant to N.C. Gen. Stat. § 97-25 and constitutes medical services to be paid for by defendants. See Levens v. Guilford CountySchools, *Page 6 152 N.C. App. 390, 567 S.E.2d 767 (2002). Accordingly, N.C. Gen. Stat. § 97-18(i) applies in regards to penalties for late payment of those services.
3. Because Ms. Huffman is not required by the Opinion and Award of Deputy Commissioner Ledford to submit billing statements for Commission approval in order to obtain payment, the Commission finds that the Opinion and Award constitutes an ongoing approval of payment in the amount of $620.00 weekly for the provision of attendant care. Further, the June 17, 2003 Opinion and Award requires the payment for attendant care services to Ms. Huffman "so long as she remains the attendant care provider." If Ms. Huffman performs attendant care services, weekly payment is required. Therefore, the end of every seven-day period in which Ms. Huffman provides attendant care services to plaintiff begins the running of a new 60 day period for payment by defendants, whether or not a bill is submitted. However, Ms. Huffman relies on the timely and regular payment of the weekly checks and suffers financial hardship when the payments are not timely. Defendants shall make every good faith effort to establish proper accounting procedures to insure that these payments are issued on a regular, timely and routine basis to Ms. Huffman.
4. The stipulated evidence shows that none of the payments made by defendants have exceeded the 60 days permitted by the statute. Therefore, plaintiff is not entitled to a 10% late payment penalty pursuant to N.C. Gen. Stat. §§ 97-18(i); 97-25.
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER *Page 7 
1. Plaintiff's claim for penalties for late payment of attendant care services by defendants must be and is hereby DENIED.
2. Each party shall pay its own costs.
This 24th day of September, 2008.
 S/___________________
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER