MARTHA H. DeVINE et al. v. DAVE STEEL CO. et al.

(Filed 24 September, 1947.)

**1. Master and Servant § 40c—**

The evidence tended to show: Deceased was subject to mild epileptic seizures which usually lasted only a few seconds. He was required in the course of his employment to stand on a cement platform to lower a flag from the flag pole each day. He was found unconscious at the bottom of the flag pole with ropes of the flag pole tangled with his body, under circumstances tending to show that while engaged in the performance of his duties, he had fallen and hit the back of his head on the cement platform, which injury caused death. The cause of his fall was not definitely determined by the Industrial Commission. *Held:* The evidence is sufficient to sustain the findings of the Industrial Commission that death resulted from an accident arising out of and in the course of his employment.

**2. Master and Servant § 55d—**

Where the evidence before the Industrial Commission is such as to permit either one of two contrary findings, the finding of the Industrial Commission is conclusive on appeal to the courts.

Appeal by defendants from *Nettles, J.,* at July Term, 1947, of Buncombe.

Proceeding under Workmen's Compensation Act to determine liability of Dave Steel Company, Inc. (employer) and Hartford Accident & Indemnity Company (carrier) to Martha H. DeVine, mother and next of kin of Hugh Patrick DeVine, deceased employee.

Following the jurisdictional determinations, the Industrial Commission found that the deceased employee, Hugh Patrick DeVine, met his death as the result of a fall which he sustained on 6 March, 1946, while lowering a flag from a flag pole when he fell and hit the back of his head on the cement platform on which he was standing. His duties required him to stand on this platform and to lower a flag from the flag pole each day. He was engaged in this work at the time of his injury. On the day in question, he was discovered in "an unconscious condition at the

bottom of the sign and flag pole . . . and the ropes from the flag pole were tangled with the deceased's body."

The Commission found that the deceased was subject to mild epileptic seizures which usually lasted only a few seconds, and further that his work exposed him to some peculiar hazards. "The Commission is of opinion that . . . the fall caused the death of plaintiffs' deceased and that he was subject to a peculiar hazard on account of being required to stand on the cement platform and lower the flag."

Whether the deceased ascended a ladder, standing near-by, and became entangled in the flag rope, or was seized with an epileptic fit, which caused him to fall, was not definitely determined by the Commission. The conclusion was reached, however, that the fall was the proximate cause of his death, and that this resulted from an accident arising out of and in the course of his employment. Whereupon, compensation was awarded to the mother as next of kin of the deceased.

On appeal to the Superior Court the award of the Commission was upheld. From this latter ruling, the defendants appeal, assigning errors.

*Irwin Monk and Guy Weaver for plaintiffs, appellees.*
*Williams, Cocke & Williams for defendants, appellants.*

Stacy, C. J. Without adopting all the reasons assigned by the hearing Commissioner, and approved by the Full Commission, in support of the conclusions reached, we think the record discloses facts sufficient to sustain the award.

The deceased was engaged in his regular work. He accidentally fell and suffered a fatal blow when the back of his head came in contact with the concrete platform on which he was standing. The exact cause of the fall is not determined, although it is found that it was an accident arising out of the employment. *Robbins v. Hosiery Mills,* 220 N. C., 246, 17 S. E. (2d), 20. It occurred while the employee was in the discharge of his duties, and it resulted in his death. This permits the inference, which the Commission has drawn, that it was a compensable injury. *Rewis v. Ins. Co.,* 226 N. C., 325, 38 S. E. (2d), 97; *Brown v. Aluminum Co.,* 224 N. C., 766, 32 S. E. (2d), 320. To say the death was due to physical seizure, unrelated to the employment, even if regarded the more plausible view, would be to reject the opposing inferences which support the fact-finding body. *Hegler v. Cannon Mills,* 224 N. C., 669, 31 S. E. (2d), 918. Moreover, where the record is such as to permit either finding, the factual determinations of the Industrial Commission are conclusive on appeal to the Superior Court and in this Court. *Kearns v. Furniture Co.,* 222 N. C., 438, 23 S. E. (2d), 310.

The cases of *Rewis* and *Brown,* above cited, are in full support of the conclusion here reached. We are content to rest our decision on what was said in these two cases.

Affirmed.