WALTER L. ALLRED (Employee) v. ALLRED-GARDNER, INCORPORAT-ED (Employer), and FIDELITY & CASUALTY COMPANY OF N. Y. (Carrier).

(Filed 14 December, 1960.)

**1. Master and Servant § 53—**

Whether an injury to an employee arises out of and in the course of his employment within the purview of the Compensation Act is a mixed question of law and fact.

**2. Master and Servant §§ 54, 61—**

Where an employee who has been subject to "black-outs" for a number of years is required to drive an automobile in making service calls in the performance of the duties of his employment, and while driving back to the employer's place of business after having made a service call is injured in an accident as a result of "blacking-out" and hitting a pole, the injury arises out of and in the course of his employment, since the duties of the employment placed him in a position increasing the dangerous effects of his idiopathic condition.

APPEAL by defendants from *Gwyn, J.,* April 1960 Regular Civil Term, GUILFORD Superior Court (Greensboro Division).

This proceeding originated before the North Carolina Industrial Commission as a compensation claim for injuries growing out of an industrial accident. Hearings were held before Deputy Commissioner Thomas on April 16, 1959, and before Deputy Commissioner Shuford on May 26, 1959. The parties stipulated:

"(1) That on and prior to January 4, 1959, Walter L. Allred and Allred-Gardner, Inc., were subject to and bound by the provisions of the Workmen's Compensation Act.

"(2) That at said times the employer-employee relationship existed between claimant and defendant employer.

"(3) That at said times the Fidelity & Casualty Company of New York was the compensation carrier.

"(4) That while so employed the claimant's average weekly wage was $125.00."

The deputy commissioner made the following specific findings:

"(1) Claimant, a white male, 42 years of age, owned defendant employer and served as its president since it was incorporated in 1952. Defendant employer was engaged in the plumbing and heating business and claimant's duties required him to travel in his auto to make service calls. Claimant had been subjected to 'black-outs' for about 15 years.

"(2) During the morning of January 4, 1959, claimant made a service call at the West Market Street Methodist Church in Greensboro, made a further service call at a private residence and then started to return to defendant employer's place of business and at about 11 a.m., while driving the auto south on North Elm Street, claimant 'blacked out' and collided with a pole. Claimant sustained severe injuries. At the time claimant 'blacked out' the auto was still moving and claimant was not in a place of apparent safety with the ordinary dangers of his employment suspended and in repose, but was subjected to the particular hazard of riding in an auto, which hazard was inherent in claimant's working conditions with defendant employer. Claimant's 'blackouts' in combination with his riding in an auto brought about the accident and resulting injuries.

"(3) That as above set forth claimant on January 4, 1959, sustained an injury by accident arising out of and in the course of his employment with defendant employer."

In addition to the above, the Commissioner made findings as to the injuries sustained, the duration and extent of the disability, and based thereon awarded compensation. These further findings are not here material.

The employer and the insurance carrier filed detailed exceptions to the findings, conclusions, and the award, and appealed to the full commission for review. After hearing and review, the full commission adopted as its own the findings and conclusions of the deputy commissioner and affirmed the award. Upon appeal Judge Gwyn overruled, *seriatim*, the exceptions and affirmed the findings, conclusions, and the award. The defendants appealed.

*Hoyle, Boone, Dees & Johnson, By: J. Sam Johnson, Jr., for plaintiff, appellee.*

*Smith, Moore, Smith, Schell & Hunter, By: Richmond G. Bernhardt, Jr., for defendants, appellants.*

HIGGINS, J. The essential facts are not in dispute. They are correctly stated in the findings of the deputy commissioner. The sole question presented is whether claimant sustained an injury arising out of and in the course of his employment. This is a mixed question of law and fact.

The defendants contend the cause of the accident was the claimant's loss of control of his vehicle by reason of his having blacked out; that the blackout was totally unrelated to his employment and that the use of an automobile upon the highway subjected claimant to no greater hazard than that to which the public is ordinarily subject — in short, the injury did not arise out of the employment.

*Justice Bobbitt* answered a part of the defendants' objection in *Hardy v. Small*, 246 N.C. 581, 99 S.E. 2d 862: "In early cases in other jurisdictions, compensation was generally denied where the injury occurred upon a public street or highway on the ground that the hazard to which the employee was exposed was not peculiar to the employment but a risk common to all persons using the public street or highway . . . In later decisions, injury on a public street or highway is generally held compensable if at the time the employee is acting in the course of his employment. . . .

"It is established in this jurisdiction that an injury caused by a highway accident is compensable if the employee at the time of the accident is acting in the course of his employment and in the performance of some duty incident thereto." (citing cases.)

Admittedly claimant's accident occurred while he was driving back to his place of business during work hours after having performed services for two of his employer's customers. At the time, he was on company business. His use of the automobile was in connection with that business. If, due to his carelessness he had driven the vehicle into the pole and received the injuries, no valid reason appears why he would have been barred from recovery. Negligence is not a defense to a compensation claim. "The negligence of the employee, however, does not debar him from compensation for an injury by accident arising out of and in the course of his employment. The only ground set out in the statute upon which compensation may be denied on account of the fault of the employee is when the injury is occasioned by his intoxication or willful intention to injure himself or another." *Archie v. Lumber Co.*, 222 N.C. 477, 23 S.E. 2d 834.

The claimant's injury was sustained when the vehicle hit the pole. Blackout caused him to lose control of the vehicle which he was driving on an errand of his employer. His work required him to be operating the vehicle at the time and place of the blackout. The

injury followed because of the blackout and the position claimant was in at the time it occurred. Had he been in the office or walking on the street, probably no injury — certainly not this one — would have occurred. It appears, therefore, the injury was directly connected to the employment. The majority, but not all courts, seem to adopt this view. One reason for the divergence is graphically set forth in an article entitled, "Workmen's Compensation—Falls Due to Dizziness, Vertigo, Epilepsy and Like Causes," Vol. 26, p. 321, N. C. Law Review (1947-1948): "The courts, torn between a desire to construe a statute liberally in favor of the employee, and at the same time bedeviled with the common law notions of proximate cause, have not always reached uniform nor logical decisions."

Whether injury results from a fall or from an automobile out of control because of the blackout would seem to make little, if any, difference. Quoting from Larson's Workmen's Compensation Law, § 12, "The basic rule, on which there is now general agreement, is that the effects of such a fall are compensable if the employment places the employee in a position increasing the dangerous effects of a fall, such as on a height, near machinery or sharp corners, or *in a moving vehicle*." (emphasis added.)

In *Rewis v. Ins. Co.*, 226 N.C. 325, 38 S.E. 2d 97, the following appears from *Chief Justice Stacy's* opinion: "Some cases hold that, where an employee is seized with a fit and falls to his death, the employer is not liable, because the injury did not arise out of the employment (citing authorities); but a majority of the courts, American and English, hold that, if the injury was due to the fall, the employer is liable, even though the fall was caused by the pre-existing idiopathic condition."

In *Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E. 2d 173, after citing Schneider on Workmen's Compensation, it is said: "It appears therefrom that the better considered decisions adhere to the rule that where the accident and resultant injury arise out of both the idiopathic conditioin of the workman and hazards incident to the employment, the employer is liable. But not so when the idiopathic condition is the sole cause of the injury." See annotations and cases in 19 A.L.R. 95; 28 A.L.R. 204; 60 A.L.R. 1299; 58 Am. Jur., Workmen's Compensation, § 247. Where any reasonable relationship to the employment exists, or employment is a contributory cause, the court is justified in upholding the award as "arising out of employment." *Tapp v. Tapp*, 192 Tenn. 1, 236 S.W. 2d 977; *Irby v. Republic Creosoting Co.*, 228 F. 2d 195 (5th Ct.).

Two circumstances, we think, serve to fix liability on the defend-

ants in this case: First, a blackout to which the claimant had a predisposition; second, the blackout occurred at the time and place the claimant's duties required him to be driving an automobile. The combination of these two produced the accident. In the light of our decisions, the plaintiff's injury may be said to arise out of and in the course of his employment. The judgment of the superior court is

Affirmed.