The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jan N. Pittman and the oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representative, or amend the Opinion and Award.
* * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement as:
STIPULATIONS
All stipulations contained in the aforementioned Pre-Trial Agreement are incorporated herein by reference. Furthermore, the parties additionally stipulated to 37 pages of medical records regarding treatment of plaintiff received into evidence following the hearing as Stipulated Exhibit 1.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 44 year old married male who has been employed by defendant-employer for approximately 21 years. On or about August 26, 1992, plaintiff was working in the patrol division on the midnight shift which began at 10:30 p.m. and ended at 7:30 a.m. At approximately 6:15 a.m. on the morning of August 26, 1992, the plaintiff had stopped his patrol car in the parking lot of Lawrence Joel Veterans Memorial Coliseum to converse with another officer employed by defendant-employer who was in another patrol car. After conversing with the other officer, at approximately 7:15 a.m., plaintiff started to return to the "department" and placed his car in "drive." After placing his car in "drive" plaintiff experienced a violent coughing attack. Plaintiff suffered a "blackout" and the next thing he realized was that his car was in the median of University Parkway. Plaintiff's car had left the parking lot of the coliseum, crossed University Parkway and come to rest in the median of University Parkway. Plaintiff's head had hit the steering wheel of his vehicle and plaintiff had sustained a minor abrasion to his nose and there was blood on his face and hands. Plaintiff was transported to the Forsyth County Memorial Hospital emergency room where he was treated for complaints of neck pain, the mild abrasion to his nose, and abrasions to his right hand and left leg. Plaintiff was placed in a cervical collar and head immobilizer at that time. Plaintiff related a history of neck spurs and of severe headaches for approximately two months. Diagnoses were cervical strain, syncope, abrasions, and high triglicerides.
2. Subsequent medical evaluations of plaintiff attributed plaintiff's "blackout" to a vasovagal reaction which occurred when plaintiff began coughing immediately prior to the "blackout." This blackout occurred at the time and place where plaintiff's duties required him to be driving an automobile. The combination of the "blackout" and the fact that plaintiff was required to be driving an automobile as part of his job duties resulted in the automobile accident of August 26, 1992.
3. After August 26, 1992, plaintiff was released from work activities so that the cause of his "blackout" could be determined and plaintiff was out of work for approximately two weeks after August 26, 1992 while that determination was being made.
4. Plaintiff then returned to employment with defendant-employer on a light duty status. Subsequently, plaintiff was seen by Dr. de la Torre on September 22, 1992 regarding his complaints of neck pain. On September 22, 1992, plaintiff related to Dr. de la Torre that he had been in a recent automobile accident of August 26, 1992 and that he was experiencing neck pain as well as tingling and numbness in the fingers of his right hand. Plaintiff related that his neck pain had been increasing for the past five to six months. Dr. de la Torre referred plaintiff for nerve conduction studies to rule out carpal tunnel syndrome which were unremarkable. The examination revealed no evidence of disc herniation and the impression was cervical spondylosis. Plaintiff had previously been seen by Dr. de la Torre in June 1990 for complaints of pain in his neck which radiated into his arm. X-rays performed at that time revealed arthritic changes in the cervical spine from the C5 to the C7 level and the diagnosis was likewise cervical spondylosis. Dr. de la Torre discussed surgery with plaintiff at that time and essentially left the decision up to plaintiff as to when, if ever, plaintiff would desire to undergo surgery to correct this problem.
5. Although the plaintiff had pre-existing cervical spondylosis prior to August 26, 1992 which had begun worsening approximately four to five months prior to August 26, 1992, plaintiff had not sought medical treatment for this condition since June 1990. Furthermore, after seeing Dr. de la Torre in June 1990, plaintiff had continued engaging in his work duties as a police officer with defendant-employer. Plaintiff testified that after the automobile accident occurring on August 26, 1992, he experienced an increase in his neck pain and his testimony is corroborated by the emergency room records of Forsyth County Hospital which reveal that plaintiff was complaining of neck pain and was diagnosed with a cervical strain on August 26, 1992. The automobile accident plaintiff sustained during the course of his employment on August 26, 1992 aggravated plaintiff's pre-existing cervical spondylosis and proximately caused the condition necessitating the medical treatment plaintiff received from Dr. de la Torre after August 26, 1992 and the cervical discectomy and fusion surgery which plaintiff underwent on October 20, 1992.
6. As a result of this surgery, plaintiff was unable to engage in work activities for defendant-employer for ten weeks after October 20, 1992. As of January 4, 1993, plaintiff had reached maximum medical improvement and was released to return to work duties with defendant-employer. There have been no restrictions placed on plaintiff's work duties as a result of said surgery.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On or about August 26, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer which resulted in multiple abrasions and an aggravation of plaintiff's pre-existing back condition. G.S. § 97-2 (6); Allred v. Allred-Gardner, Inc.,253 N.C. 554, 117 S.E.2d 476 (1960). See also, Andersonv. AM Smyre Manufacturing Company, 54 N.C. App. 337,283 S.E.2d 433 (1981).
2. Plaintiff is entitled to compensation at the rate of $416.61 per week for ten weeks for the temporary total disability he sustained as a result of this injury by accident.
G.S. § 97-29.
3. Plaintiff is entitled to have defendant provide all medical treatment arising from this injury by accident, specifically the treatment plaintiff received at Forsyth County Hospital emergency room and for the treatment rendered plaintiff by Dr. de la Torre for his back condition, to the extent said treatment tended to effect a cure, give relief and lessen his period of disability. G.S. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay compensation to plaintiff at the rate of $416.61 per week for ten weeks for his temporary total disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
3. An attorney's fee in the amount of 25% of the benefits awarded herein is hereby approved for plaintiff's counsel and shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
4. Defendant shall pay an expert witness fee in the amount of $240.00 to Dr. de la Torre.
5. Defendant shall pay the costs.
 S/ _________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
DISSENTING:
S/ _________________ J. RANDOLPH WARD COMMISSIONER