***********
The undersigned have reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. Accordingly, the Full Commission rejects the Opinion and Award of Deputy Commissioner Phillips and enters the following Opinion and Award.
 *********** EXHIBITS
1. The following were submitted into evidence and marked as Stipulated Exhibit #1:
 a. Industrial Commission Forms
 1. Form 19 dated 3 July 2007
 2. Form 61 dated 9 July 2007 *Page 2 
 3. Form 18 dated 17 July 2007
 4. Form 33 dated 26 July 2007
 5. Form 33R dated 13 September 2007
 b. Plaintiff's Medical Records
 c. Plaintiff's Personnel File
 d. Plaintiff's Wage Records
 e. Plaintiff's Responses to Defendants' Pre-Hearing Interrogatories
 f. Defendants' Responses to Plaintiff's Pre-Hearing Interrogatories
2. Defendants also submitted the following into evidence:
 a. 28 June 2007 letter from Harold Trogdon to Triangle Insurance Group, Inc.
 b. 10 July 2007 letter from Debbie Davison to Triangle Insurance Group, Inc.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are properly before the Commission, and the Commission has jurisdiction of the parties and the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. The parties were subject to the Workers' Compensation Act at the time of the alleged injury. *Page 3 
4. An employer/employee relationship existed between the parties at the time of the alleged injury.
5. The employer is Trogdon Masonry and the carrier liable on the risk is Stonewood Insurance Company.
6. The employee sustained an injury on or about 8 May 2007. Defendants have denied that the injury arose out of and in the course and scope of plaintiff's employment and contend that the injury was due to an idiopathic condition and not the result of an injury by accident.
7. The employee's average weekly wage at the time of his injury was $326.50, resulting in a compensation rate of $217.68.
8. The nature of the injury is to the employee's left hip and left lower extremity.
9. The employee was paid the entire day of the injury.
10. The employee last worked for Trogdon Masonry on 8 May 2007.
 *********** ISSUES TO BE DETERMINED
1. Plaintiff raised the following issues in the Pre-Trial Agreement:
 a. Whether plaintiff sustained a compensable injury by accident arising out of and in the course of his employment on 8 May 2007; and
 b. To what benefits is plaintiff entitled?
2. Defendants raised the following issues in the Pre-Trial Agreement:
 a. Whether plaintiff's claim should be denied on the grounds that he did not sustain a compensable injury by accident arising out of and in the course and scope of his employment on 8 May 2007; *Page 4 
 b. Whether plaintiff's claim should be denied because any injury he sustained on 8 May 2007 was the result of an idiopathic condition and not the result of an injury by accident or the work assigned; and
 c. Whether plaintiff's claim for indemnity and medical benefits should be denied?
 ***********
Based upon the competent and credible evidence of record in this matter and reasonable inferences drawn therefrom, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. Plaintiff was employed as a driver by defendant. On 8 May 2007, Harold Trogdon asked plaintiff to take a forklift to Ronnie's Country Store to have a flat tire repaired. When Ronnie's Country Store wanted to put a new tire on the forklift, plaintiff used his cell phone to try and contact Mr. Trogdon to see what he wanted done with the tire, but Mr. Trogdon never answered.
2. Plaintiff testified that while waiting to hear back from Mr. Trogdon, he sat down on a pallet stacked with feed bags. Someone approached plaintiff and asked if he had been able to get in touch with Mr. Trogdon because they needed to know whether to fix or replace the tire. Plaintiff advised that he had not. He then got up from the feed bag, stretched, made a left turn and took about a half dozen steps. As plaintiff straightened up, he fell on his left hip and could not get up. Plaintiff was transported by ambulance to Johnston Memorial Hospital.
3. While at the hospital, Dr. Alioto diagnosed plaintiff with a left acetubalar fracture, for which he recommended conservative treatment of bed rest in traction. Dr. Atkeson diagnosed a non Q-wave myocardial infarction and recommended that plaintiff be transferred to *Page 5 
WakeMed for cardiac catheterization.
4. On 9 May 2007, Dr. Atkeson performed a left heart catheterization, which revealed a chronic total occlusion of the left anterior descending artery. On 10 May 2007, Dr. Hook performed a re-cannulization of the chronic total occlusion of the left anterior descending artery with placement of 5 stents to open the heart arteries. Dr. Atkeson testified that plaintiff did not sustain a heart attack on 8 May 2007, but plaintiff did suffer from pre-existing ischemic cardiomyopathy.
5. Plaintiff remained in the hospital until 17 May 2007 recovering from his heart surgery, during which time he also treated with Dr. Hanson for his left acetabular fracture. Dr. Hanson recommended nonsurgical management of the left acetabular fracture, but noted that a total hip replacement was an option in the future if plaintiff continued to have problems with his hip. On 16 May 2007, Dr. Hanson noted that the total hip replacement would be delayed until at least another three to four months while the fracture healed. Plaintiff was to remain nonweightbearing for three months. Plaintiff was also referred to WakeMed Rehabilitation for comprehensive inpatient rehabilitation of his left hip.
6. Plaintiff was not evaluated by Dr. Hanson again until 4 October 2007. At that time, Dr. Hanson recommended a CT scan to evaluate the acetabular fracture for healing. Dr. Hanson also referred plaintiff to Dr. Meinberg for evaluation of a total hip replacement. Dr. Hanson was not actually recommending a total hip replacement, and testified that the ultimate decision on this issue would need to be made by a joint replacement specialist. Dr. Hanson further testified that he did not assign any work restrictions and opined that plaintiff would have been capable of working as tolerated.
7. Plaintiff's employer, Harold Trogdon, spoke with plaintiff on the phone shortly *Page 6 
after his fall. During the conversation, plaintiff stated that when he stood up from the feed bag his left leg "gave way" and he fell. Mr. Trogdon subsequently visited plaintiff in the hospital, during which time plaintiff advised that he would not be filing a workers' compensation claim because his heart caused him to fall. Consequently, Mr. Trogdon did not immediately notify the workers' compensation insurance carrier of plaintiff's incident and plaintiff filed his medical bills with his private health insurance carrier.
8. Debbie Davison is the Office Manager for defendant. While Ms. Davison typically files a Form 19 within days of an accident at work, she did not file a Form 19 in this case until on or about 28 June 2007 because, prior to that time, plaintiff maintained that he was not going to file a workers' compensation claim. Ms. Davison testified that her understanding of the incident was that plaintiff's leg gave way, that plaintiff was being treated for his heart, and that plaintiff's heart was the reason he was unable to work.
9. On 3 July 2007, the adjuster obtained plaintiff's recorded statement. Therein, plaintiff stated that he fell after his leg gave away. He also confirmed that he was just walking and his leg gave out.
10. Although plaintiff denied that his leg gave way at the hearing before the deputy commissioner, plaintiff consistently advised his employer and stated in his recorded statement that his left leg gave way, causing him to fall. After considering the testimony of plaintiff, Harold Trogdon, and Debbie Davison and the competent evidence of record, the Full Commission finds that the greater weight of the competent and credible evidence shows that plaintiff's fall is not unexplained and that it resulted from plaintiff's leg giving way due to an unknown physical infirmity.
11. The evidence does not establish, due to his employment, that plaintiff was at an *Page 7 
increased risk of harm from a fall. He was not in an elevated position or next to dangerous machinery which could create a greater risk of injury from a fall. Plaintiff did not step on a foreign object on the floor; the floor was not uneven, slippery, or wet; plaintiff did not hit anything and was not pushed; and he did not fall down steps or stairs. Nothing about plaintiff's employment subjected him to a peculiar hazard to which the public is not generally exposed. Dr. Alioto and Dr. Chiavetta testified that the fall could have happened anywhere.
12. Although plaintiff sustained an injury in the course of his employment on 8 May 2007, his injury was not the result of an accident arising out of his employment.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Although a fall at work is usually regarded as an accident, if the fall results solely from an idiopathic cause or a physical infirmity the nature of which is unknown, the injury is not compensable. Cole v. Guilford County and HartfordAccident Indem. Co.,259 N.C. 724, 727, 131 S.E.2d 308, 311 (1963); Robbins v. BossongHosiery Mills, Inc., 200 N.C. 246, 17 S.E.2d 20 (1941).
2. However, even if the employee falls due to an idiopathic condition, his injuries will be compensable to the extent that they result from a hazard incident to the employment which increased the risk of injury from a fall. Taylor v. Twin City Club,260 N.C. 435, 132 S.E.2d 865 (1963); Allred v. Allred-Gardener,Inc., 253 N.C. 554, 117 S.E.2d 476 (1960).
3. As plaintiff's fall on 8 May 2007 was due to an idiopathic condition or physical infirmity which caused his leg to give way and as his employment did not create a hazard which *Page 8 
increased his risk of injury from a fall on that occasion, plaintiff's injuries on 8 May 2007 did not result from an accident arising out of his employment with defendant. N.C. Gen. Stat. § 97-2(6); Cole v. Guilford County andHartford Accident Indem. Co.,259 N.C. 724, 727, 131 S.E.2d 308, 311 (1963). Therefore, based upon the foregoing Conclusions of Law, plaintiff is not entitled to indemnity benefits under or medical compensation under the Workers' Compensation Act for his injuries on 8 May 2007.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following
 AWARD
1. Plaintiff's claim for workers' compensation benefits is DENIED.
2. Each side shall pay its own costs.
This the 23rd day of February 2009.
 S/___________________ STACI MEYER COMMISSIONER
CONCURRING:
 S/___________________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1