An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-943
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014

IRENE SMITH,
        Employee,
        Plaintiff,

    v.                                  From the North Carolina
                                        Industrial Commission
                                        IC No. X20253

AMERICAN NATIONAL NSURANCE
COMPANY, Employer,

and

LIBERTY MUTUAL, Carrier,

        Defendants.


Appeal by Plaintiff from Opinion and Award entered 25 April 2013 by the North Carolina Industrial Commission. Heard in the Court of Appeals 8 January 2014.

> *Doran, Shelby, Pethel and Hudson, P.A. by Kathryn C. Setzer, for plaintiff-appellant.*

> *Cranfill Sumner & Hartzog LLP by Matthew B. Covington and Sara B. Warf, for defendant-appellees.*


STEELMAN, Judge.

The Industrial Commission did not err in finding that plaintiff's complaints of pain to her left side were not causally connected to her compensable injury. The Industrial

Commission did not err when it denied plaintiff's request for attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1. The Commission did not err or abuse its discretion when it granted American National's Motion to Compel discovery for a potential Medicare Set-Aside.

## I. Factual and Procedural History

From 13 December 2004 to 4 July 2011, American National Insurance Company (American National) employed Irene Smith (plaintiff) as an insurance agent. On 2 January 2009, plaintiff went to the home of a client to pick up an insurance premium. When plaintiff arrived, she parked her car in the driveway of the home. As plaintiff exited her vehicle and proceeded up the driveway, she stepped off the driveway onto uneven ground. Plaintiff lost her balance and fell, twisting her right ankle and leg. Plaintiff reported the fall to her manager, Tim Cooper, on 6 January 2009.

On 24 February 2009, plaintiff went to High Point Regional Medical Center, where she received medical treatment for her 2 January 2009 injury. The hospital examined plaintiff's right hip, right foot, and lumbar spine. Plaintiff was then treated by Dr. James Kramer starting 3 March 2009 for low back, right hip, and right foot pain. Dr. Kramer determined that plaintiff had degenerative disc disease at L5-S1, with mechanical low back

pain, right hip greater trochanteric bursitis, and right foot plantar fasciitis. On 29 May 2009, for the first time, plaintiff complained to Dr. Kramer of pain on her left side, from her left buttock to her left foot.

More than a year later, on 20 August 2010, plaintiff returned to Dr. Kramer for back pain and left hip pain that radiated down to her left knee. Dr. Kramer prescribed anti-inflammatory medication, pain medication, physical therapy, and a RS-4i stimulator for pain management. Dr. Kramer also administered a steroid injection into plaintiff's hip. Plaintiff then participated in physical therapy. On 9 September 2010 plaintiff returned to Dr. Kramer, complaining of back pain with no radiation to either side of her body. Dr. Kramer was paid by the worker's compensation carrier for American National for all of the treatments that he provided to Plaintiff.

Following the 9 September 2010 visit with Dr. Kramer, the carrier for American National decided that plaintiff's current complaints were distinct from her complaints arising out of the 2 January 2009 accident and denied payment for further medical treatment. On 13 September 2010, plaintiff saw Physician Assistant Donald Bulla. Mr. Bulla noted complaints of low back pain by the plaintiff, which had occurred without any known injury. Mr. Bulla thought plaintiff was unable to perform her

job as an insurance agent because of her pain and wrote a note that she should be out of work beginning 21 December 2010.

Over the course of the next year, plaintiff consulted with Dr. Richard Avioli, an orthopedic surgeon, and consulted with and received treatment from Dr. Victoria Neave, a neurosurgeon. These consultations and treatments all concerned plaintiff's lower back and occasionally her left side.

On 31 January 2011, following the initial claim submission to the Industrial Commission, plaintiff filed a Form 33 Request for Hearing. On 3 February 2011, American National filed a Form 61 with the Industrial Commission denying plaintiff's claim. Before review by the full Commission, American National sought information from plaintiff concerning a potential Medicare Set-Aside. When plaintiff refused to provide this information, American National filed a Motion to Compel discovery, which was granted by the Commission. American National terminated plaintiff's employment on 4 July 2011 because plaintiff could no longer perform her job duties as an insurance agent and had not worked for American National since 21 December 2010. In an Opinion filed 25 April 2013, the Commission denied plaintiff's claim for temporary total disability and medical compensation for treatment after 3 March 2009. The Commission also denied plaintiff's request for attorney's fees.

Plaintiff appeals.

## II. Commission's Findings of Fact

In her first argument, plaintiff contends that the Commission erred in failing to find that her injuries were causally related to the accident that she sustained on 2 January 2009. We disagree.

## A. Standard of Review

"The standard of appellate review of an opinion and award of the Industrial Commission in a workers' compensation case is whether there is any competent evidence in the record to support the Commission's findings of fact and whether these findings support the Commission's conclusions of law." *Lineback v. Wake County Bd. of Comm'rs*, 126 N.C. App. 678, 680, 486 S.E.2d 252, 254 (1997). The Industrial Commission's findings of fact "are conclusive on appeal when supported by competent evidence . . . even [if] there is evidence to support a contrary finding." *Johnson v. Herbie's Place*, 157 N.C. App. 168, 171, 579 S.E.2d 110, 113 (2003) (citing *Morrison v. Burlington Industries*, 304 N.C. 1, 6, 282 S.E.2d 458, 463 (1981)). The Industrial Commission's findings of fact "may be set aside on appeal [only] when there is a complete lack of competent evidence to support them[.]" *Young v. Hickory Bus. Furn.*, 353 N.C. 227, 230, 538

S.E.2d 912, 914 (2000) (citing *Saunders v. Edenton OB/GYN Ctr.*,
352 N.C. 136, 140, 530 S.E.2d 62, 65 (2000)).


## B. Analysis

On appeal, plaintiff's main challenge is to finding of fact
23, which states:

> 23. Plaintiff sustained injury to her right hip,
> right leg, and low back. However, based upon a
> preponderance of the competent, credible evidence of
> record, the Full Commission finds that these injuries
> resolved prior to Plaintiff's 29 May 2009 office visit
> with Dr. Kramer, such that any treatment she received
> after that date for her low back, left hip and left
> leg is found to be not causally related to the 2
> January 2009 injury by accident.

Plaintiff contends that this finding is not supported by
competent evidence and that the Industrial Commission erred by
failing to include certain facts in its findings, which in turn
influenced its finding on causation.

Plaintiff's brief contains a list of arguments discussing
evidence before the Commission and finding of fact 23. Twelve of
the sixteen items on plaintiff's list concern the Commission's
failure to include certain facts or address certain issues.
However, "[t]he Commission is not required . . . to find facts
as to all credible evidence . . . . Instead, the Commission must
find those facts which are necessary to support its conclusions

of law." *London v. Snak Time Catering, Inc.*, 136 N.C. App. 473, 476, 525 S.E.2d 203, 205 (2000). This argument is without merit.

Plaintiff further contends that the evidence in the record does not support the Commission's findings of fact. Plaintiff first argues that finding of fact 5 was "gross error." This finding discusses to plaintiff's emergency room visit on 24 February 2009. Plaintiff asserts that the Commission erred by failing to mention that plaintiff also complained of "back pain" at this visit. However, as stated previously, the Commission is not required to find facts as to all credible evidence, merely those facts which support its conclusions of law. *Id.* The Commission's failure to mention plaintiff's complaint of back pain does not suggest that the Commission failed to consider this evidence and does not constitute gross error.

Plaintiff next argues that there was evidence in the record to support a finding contrary to the Commission's finding of fact 7, which states:

> Plaintiff returned to Dr. James S. Kramer on May 29, 2009 complaining of low back pain and symptoms that were radiating down the left leg, from the left buttock, through the hip, hamstring, and into the calf and foot. Dr. Kramer's assessment at the visit was low back pain with underlying degenerative disc disease at L5-S1, and lumbar radiculopathy. The right-sided complaints which Plaintiff had expressed on March 3, 2009, had resolved by the May 29, 2009 office visit. Dr. Kramer ordered an MRI, which showed stenosis and degenerative changes in the thoracic and lumbar spine.

Finding of fact 7 differentiates between the sides of the body where plaintiff was complaining of pain and Dr. Kramer's assessment. It "is for the Commission to determine the credibility of witnesses, the weight to be given the evidence, and the inferences to be drawn from it." *Rackley v. Coastal Painting*, 153 N.C. App. 469, 472, 570 S.E.2d 121, 124 (2002) (citing *Adams v. AVX Corp.*, 349 N.C. 676, 509 S.E.2d 411 (1998)). The Commission weighed the evidence accordingly and made its finding of fact. We hold that there was evidence in the record to support the Commission's finding of fact 7, and because "[t]his 'court's duty goes no further than to determine whether the record contains any evidence tending to support the finding'" it is binding on this court. *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citation omitted) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)).

Plaintiff next challenges finding of fact 17, which states that the history of immediate pain that the plaintiff reported on 20 January 2011, that of left buttock/sacroiliac joint and left lower extremity pain, was inconsistent with that of what she reported on 24 February 2009 and 3 March 2009. Plaintiff contends that these left side complaints are "not inconsistent with" her prior right side injuries. However, it is for the

Commission to determine "the weight to be given the evidence, and the inferences to be drawn from it." *Rackley*, 153 N.C. App. at 472, 570 S.E.2d at 124. This argument is without merit.

Plaintiff next contends that finding of fact 19 is not supported by evidence in the record because Dr. Rowan's opinion was pure conjecture. Finding of fact 19 discussed Dr. Rowan's opinion regarding a causal link between plaintiff's 2 January 2009 injury and the pain she experienced after 3 March 2009. Plaintiff contends that because Dr. Rowan did not review *all* of plaintiff's medical records prior to forming his opinion, his opinion is pure conjecture. Plaintiff does not cite any authority for this proposition. Nothing within Rule 702 of the North Carolina Rules of Evidence prevents a witness from being tendered as an expert and rendering an opinion if that witness has not reviewed every possible piece of data. Rule 702 specifically requires that the testimony be based "upon sufficient facts or data." N.C. Gen. Stat. § 8C-1, Rule 702(a)(1) (2007). We hold that Dr. Rowan's testimony was based upon sufficient data.

Further, plaintiff had the opportunity to cross-examine Dr. Rowan concerning his opinion during his deposition. Once tendered as an expert witness, it "is for the Commission to determine the credibility of witnesses, the weight to be given

the evidence, and the inferences to be drawn from it. As long as the Commission's findings are supported by competent evidence of record, they will not be overturned on appeal." *Rackley* at 472, 570 S.E.2d at 124.

The Commission found that, in her handwritten statement recorded shortly after her injury, plaintiff did not complain of pain to her left hip, left leg, or left foot. When plaintiff received medical treatment from Dr. Kramer on 3 March 2009, she did not complain of pain in her left hip, left leg, or left foot. (R. p. 83). The Commission found that when plaintiff returned to Dr. Kramer a year later, her complaints were limited to her left side. (R. p. 84). The Commission also found that when Dr. Kramer wrote a letter to American National on 16 September 2010, he did not address the question of medical causation of her left-sided complaints, when her complaints following the injury were limited to her right side. (R. p. 84). The Commission then found that when plaintiff saw Dr. Avioli, plaintiff's complaints were limited to her left side. (R. p. 85). Dr. Kramer testified that it would be difficult to determine whether plaintiff's 2010 and 2011 complaints were a continuation of the 2 January 2009 injury. (R. p. 88). These findings of fact are not contested on appeal, and support the

Commission's finding of fact 23. We hold that finding of Fact 23 was supported by competent evidence, and is binding on appeal.

The fact that the Industrial Commission made, or failed to make, findings that plaintiff contends are required in its Opinion and Award does not necessarily render the Award invalid. "The Commission is not required . . . to find facts as to all credible evidence . . . Instead, the Commission must find those facts which are necessary to support its conclusions of law." *Snak Time Catering,* 136 N.C. App. at 476, 525 S.E.2d at 205. This argument is without merit.

### III. Denial of Plaintiff's Attorneys Fees

In plaintiff's second argument, she contends that the Industrial Commission erroneously denied her motion for attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1 or for sanctions against American National. We disagree.

### A. Analysis

Pursuant to N.C. Gen. Stat. § 97-88.1, "[i]f the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." N.C. Gen. Stat. § 97-88.1. "The decision whether to award or deny attorney's fees rests within

the sound discretion of the Commission and will not be overturned absent a showing that the decision was manifestly unsupported by reason." *Thompson v. Fed. Express Ground*, 175 N.C. App. 564, 570, 623 S.E.2d 811, 815 (2006) (citing *Bryson v. Phil Cline Trucking*, 150 N.C. App. 653, 656, 564 S.E.2d 585, 587 (2002)). The Commission found that plaintiff had failed to establish a causal link between her compensable injury of 2 January 2009 and her complaints after 3 March 2009. The Commission then held, based on the lack of causation, that American National did not defend this claim "without reasonable ground." N.C. Gen. Stat. § 97-88.1.

The Commission did not abuse its discretion by denying plaintiff attorney's fees. This argument is without merit.

## IV. Motion to Compel

In her third argument, plaintiff contends that the Industrial Commission erroneously granted American National's Motion to Compel discovery. We disagree.

## A. Standard of Review

"Whether or not the party's motion to compel discovery should be granted or denied is within the trial court's sound discretion and will not be reversed absent an abuse of discretion." *Wagoner v. Elkin City Schools' Bd. Of Education*, 113 N.C. App. 579, 585, 440 S.E.2d 119, 123 (1994) (citing *In re*

*Estate of Tucci*, 104 N.C. App. 142, 152, 408 S.E.2d 859, 865-66 (1991)). Rule 605(3) of the North Carolina Industrial Commission states that "[a]dditional methods of discovery as provided by the North Carolina Rules of Civil Procedure may be used only upon motion and approval of the Industrial Commission or by agreement of the parties." Workers' Comp. R. of N.C. Indus. Comm'n Rule 605(3) (2013). N.C. Gen. Stat. § 1A-1, Rule 37(a)(2) provides that "the discovering party may move for an order compelling an answer . . . in accordance with the request." N.C. Gen. Stat. § 1A-1, Rule 37(a)(2).

## B. Analysis

American National sought discovery from plaintiff in order to prepare for a potential Medicare Set-Aside. Plaintiff argues that the Medicare Set-Aside was outside the scope of the Industrial Commission's authority, and that the discovery sought by American National should have been denied.

N.C. Gen. Stat. § 97-91 states "[a]ll questions arising under this Article if not settled by agreements of the parties interested therein, with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided." N.C. Gen. Stat. § 97-91. Plaintiff asserts that this language prohibits the Industrial Commission from compelling the production of documents that are related to possible future

Medicare-covered expenses. In *Pearson v. C.P. Buckner Steel Erection Co.*, 348 N.C. 239, 498 S.E.818 (1998), the North Carolina Supreme Court addressed the issue of the Commission's authority over issues involving Medicare and Medicaid:

> We hold that the Commission's 19 December 1995 order directing defendants to pay intervenor and plaintiff's other health-care providers the difference between the amount reimbursed to Medicaid and the amount allowable under the Act was a proper exercise of its authority. We further hold that the Commission correctly applied the workers' compensation law of this State and that *such law is not preempted by federal Medicaid law.*

*Pearson*, 348 N.C. at 246-7, 498 S.E.at 823 (internal citations omitted) (emphasis added). We hold that the Commission neither acted outside of its scope of authority, nor abused its discretion.

### V. Conclusion

The Industrial Commission did not err in finding that there was not a causal link between plaintiff's compensable accident of 2 January 2009 and her medical treatment after 3 March 2009. The Commission did not err in denying plaintiff's request for attorney's fees. The Commission did not act outside the scope of its authority or abuse its discretion when it granted American National's Motion to Compel discovery.

AFFIRMED.

Judges STEPHENS and DAVIS concur.

Report per Rule 30(e).